## In re HAMILTON FURNITURE CO.

(District Court, E. D. Pennsylvania. June 5. 1902.)

No. 64.

1. BANKRUPTCY—RIGHT TO OBJECT TO CLAIMS—LACHES.

A creditor of a bankrupt, who has made no objection to claims of other creditors which have been proved and allowed, and on which dividends have been paid, is barred by laches from the right to require the trustee to re-examine and disallow such claims, on the ground of preferences received by the claimants.

In Bankruptcy. On questions certified from referee.

W. H. Burnett, for creditors.

J. Martin Rommel, for bankrupt.

Alfred Driver, referee, certified the following questions.

"The Barrett Lindeman Company, a creditor in the sum of five hundred and fifteen dollars and seventy-six cents ($515.76), presented a petition alleging that a large number of creditors of said Hamilton Furniture Company who participated in the first dividend had received payments on account of their respective claims from the said bankrupt, being insolvent, within four months prior to the filing of the petition in bankruptcy, and had not surrendered such payments. The petition concluded with a prayer 'that the referee may award and the trustee pay out of the fund on hand for distribution petitioner's claim before any payments are awarded and made to any of the creditors who have received payments on account as aforesaid.'

"An answer was filed by the trustee, and exceptions thereto filed by the petitioner. Argument was heard by the referee, the petitioner's counsel not being present, having stated that he did not desire to argue the matter. After argument and consideration of the matter, the referee ordered that the petition should be dismissed; and thereupon the petitioner, desiring a review of said order, filed his petition therefor, setting out the errors complained of.

"The questions presented are:

"(1) Should the trustee, after final meeting has been held, at which no objection to any claim was made, and no request made that the trustee should proceed to re-examine any claim, be ordered to re-examine a large number of claims upon the prayer of the petitioner?

"(2) Is not the petitioner barred by its laches from asking that the trustee proceed as prayed for in the petition?

"(3) Is not the allegation of insolvency insufficient, in this: that it is not alleged that the debtor was insolvent throughout the entire period of four months prior to the filing of the petition in bankruptcy, or in not alleging the period of insolvency with exactness?

"(4) Is not the petitioner estopped from taking further proceedings by reason of the former proceedings and the decision thereon, from which no appeal was taken?

"(5) Should not the petition be dismissed?

"The petition, answer, and exceptions thereto, the opinion and order of the referee and exceptions thereto, and the request for review, and the opinion and order of the referee, and evidence taken in the former proceedings, are herewith returned.

"And the said questions are certified to the judge for his opinion thereon."

J. B. McPHERSON, District Judge. The petitioner's laches has been so great that I think the dismissal of its petition is correct.

The order of the referee is approved.