EUGENE BUDER, Trustee in Bankruptcy of the Estate of HENRY LAPP, Respondent, v. COLUMBIA DISTILLING COMPANY, Appellant.

St. Louis Court of Appeals, November 11, 1902.

1. **Bankruptcy: TRUSTEE IN BANKRUPTCY: LIMITATION OF ACTION.** A trustee in bankruptcy is not barred from suing to recover the proceeds of a preferential transfer of property by the bankrupt, made within four months of the institution of proceedings in bankruptcy by failure to contest the allowance of a demand presented by the preferred creditor against the bankrupt's estate.

2. ———: ———: RES JUDICATA: BANKRUPTCY: TRUSTEE: CREDITORS. Neither by the terms of the Bankrupt Act of 1898 nor by the principles of law governing the doctrine of *res judicata* is the allowance of the demand of a creditor by a referee in bankruptcy an adjudication that such creditor had previously received no illegal preference which will bind other creditors or the trustee.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Sale & Sale* for appellant.

(1) The allowance of a claim by the United States District Court in Bankruptcy is a judgment, and such allowance operates as *res judicata*. Eppwright v. Kaufman, 90 Mo. 25; Nanson v. Jacob, 93 Mo. 331; Hayden Slate Co. v. Iron Co., 62 Mo. App. 569; Kendrick v. Manufacturing Co., 60 Id. 22; O'Brien Boiler Works Co. v. Haydock, 59 Id. 653. (2) Under the Bankruptcy Act of 1898, section 57g, the claims of creditors who have received preferences can not be allowed unless such creditors shall surrender their preferences. Bankruptcy Act 1898, section 57g; Pirie v. Chicago Title & Trust Co., Trustee, 182 U. S. 438.

*Henry R. Hall* and *S. C. Rogers* for respondent.

(1) If a bankrupt shall have given a preference within four months before the filing of the petition in bankruptcy, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. Bankruptcy Act 1898, section 60b; Pepperdine v. Bank, 84 Mo. App. 233; Pepperdine v. Bank, 88 Mo. App. 81. (2) The showing by the trustee of the allowance of the claim of the Columbia Distilling Company is not a final judgment, and can not be pleaded as *res adjudicata* in the case, for "a former judgment will not be deemed *res adjudicata* when it is not a final one." Norton v. Bohart, 105 Mo. 615.

GOODE, J.—Eugene Buder, trustee in bankruptcy of the estate of Henry W. Lapp, sued the Columbia Distilling Company for the proceeds of prop-

erty alleged to have been transferred by the bankrupt to the distilling company in preferential payment of a debt within four months of the beginning of the bankruptcy proceedings.

Without going into the evidence, we merely state that the verdict in favor of the trustee was supported by cogent proof, not only of the transfer by Lapp to the distilling company by way of preference, but of a transfer fraudulent in fact.

The defense principally urged in this court is, that the matter in issue was adjudicated by the allowance of the Columbia Distilling Company's claim against Lapp by the referee in bankruptcy, which allowance is said to have involved a finding that the distilling company had received no preference, and in support of this position the following section of the bankrupt law is cited:

"The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preference." Sec. 55f, Bankrupt Law 1898.

That the issue now made between the trustee and the distilling company, of whether the latter received a preference from Lapp within four months of the institution of the proceedings against him, passed into judgment by the referee's allowance of the distilling company's demand which the trustee is not shown to have resisted, is a conclusion unauthorized alike by the Bankruptcy Act and by the rules controlling the application of the doctrine of *res judicata.*

Said act prescribes what shall constitute sufficient proof of a claim to procure its allowance:

"Proof of claims shall consist of a statement under oath in writing, signed by a creditor setting forth the claim, the consideration therefor, and whether any, and, if so, what securities are held therefor, and whether and if so what, payments have been made thereon, and that the sum claimed is justly owing from the bankrupt to the creditor.

"Claims after being proved may, for the purpose

of allowance, be filed by the claimants, in the court where the proceedings are pending, or before the referee if the case has been referred.

"Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration for cause be continued by the court upon its own motion." Sec. 57, paragraphs a, c and d.

Provision is likewise made for the reconsideration of claims at any time before the estate is closed. Sec. 57k.

The summary and informal procedure thus provided, which must be ex parte unless some creditor or other interested person happens to object, lends no color to the argument that a trustee is so far bound by a judgment of allowance as to be estopped from afterwards suing a claimant to avoid a preference and recover proceeds. It is true that section 57g says the claims of creditors who have received preferences shall not be allowed unless they will surrender their preferences; a provision intended to secure equality in the division of a debtor's assets among his creditors and applying to any payment or transfer of property which enures to the special benefit of some creditor, whether designed and received as a preference or not. Pirie v. Chicago Title & Trust Co., 182 U. S. 438. But that said section does not contemplate interference by a trustee or impose on him the duty of contesting claims on pain of being debarred from proceeding to avoid preferences, appears from the fact that trustees have no duty in regard to innocent payments or transfers of money or property but are concerned only with those made in fraud of creditors or received by creditors in payment of or security for their debts with knowledge of the debtor's insolvency. The act permits a creditor who has been paid or secured in the usual course of business and without reason to believe his debtor was insolvent, to retain the money or security transferred;

but if the indebtedness is not entirely discharged thereby, prohibits the allowance of the balance against the bankrupt's estate, unless the creditor will surrender what he received. Pirie v. Trust Co., supra. A bona fide transferee may exercise an option about giving up the payment or security; but one who has benefited by a preferential act of his debtor within four months preceding the institution of bankruptcy proceedings, must surrender what he got; and by section 60b it is made the duty of the trustee to recover it if he will not surrender voluntarily. It is thus apparent that section 58g has nothing to do with the trustees, whose duty in regard to preferences is fixed by section 60b and apparent, too, that the trustee is not called on to watch the presentation of demands and bring forward, when they are presented, whatever objections may exist against their allowance.

The sections quoted and other sections also show that a trustee is not charged with the resistance of demands at all, but is charged with the collection of the bankrupt's assets, including any that were transferred and taken by the transferee, in contravention of the act. We are not obliged to decide what would be the effect on a subsequent suit by a trustee to recover the proceeds of a preferential conveyance from a creditor, if the trustee had actually contested the allowance of that creditor's demand because of his retention of property illegally transferred and the issue thus made had been determined in favor of the creditor; but we hold that mere proof of the allowance of a demand against a bankrupt's estate in favor of a creditor, is no bar to a suit by the trustee in bankruptcy to recover from the creditor the proceeds of an unlawful preference.

All that is shown to uphold the defense of former adjudication is the allowance of the distilling company's demand by the referee without evidence that it was contested by any one or an issue made concerning it on any ground. For the defense of *res judicata* to be made good it must be shown usually that the matter controverted in the second action was raised and liti-

gated in the first one.  Garrett v. Greenwell, 92 Mo. 120; Bell v. Hoogland, 15 Mo. 360; Block v. Dorman, 51 Mo. 31; Nelson v. Barnett, 123 Mo. 564; Winham v. Kline, 77 Mo. App. (St. L.) 36; Coleman v. Dalton, 71 Mo. App. (K. C.) 14; Short v. Taylor, 137 Mo. 517.

An exception to that rule, or rather another rule, is that when the very same cause of action is asserted in the second action that was asserted in the first one, not only matters actually brought forward and litigated but all such as appropriately might have been, are held concluded by the judgment already rendered.  Dickey v. Heim, 48 Mo. App. (K. C.) 114; Barkhoefer v. Barkhoefer, 93 Mo. App. (St. L.) 373.

This suit by the trustee to recover the proceeds of goods unlawfully transferred by Lapp to the defendant presents a different cause of action from the demand exhibited to the referee by the defendant against Lapp's estate; the two subject-matters are totally distinct and by the settled principles of the law of *res judicata,* the referee's finding constitutes no bar to the relief prayed by the trustee.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.