## In re GLOBE LAUNDRY.

(District Court, M. D. Tennessee. May 31, 1912.)

No. 2,479.

BANKRUPTCY (§ 342*)—RE-EXAMINATION OF CLAIMS—TIME FOR RE-EXAMINATION.

Under Bankr. Act July 1, 1898, c. 541, § 57k, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), which provides that "claims which have been allowed may be reconsidered for cause * * * before, but not after, the estate has been closed," reconsideration should be allowed as a general

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rule, when asked by the trustee at any time before the estate has been closed. and a delay of more than a year, without other facts appearing, and where a dividend has not been declared, is not of itself such laches as to bar a re-examination.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529; Dec. Dig. § 342.*]

In the matter of J. G. Brown and others, individually and as partners under the name of the Globe Laundry, bankrupts. On petition of trustee for review of order of referee. Order reversed.

Petition in involuntary bankruptcy against J. G. Brown and others, individually and as partners engaged in business under the name of the Globe Laundry. A claim of the American Paper Box Company, by note signed by Brown and another partner, was filed and allowed against the individual estate of Brown. Thereafter, more than a year after the claim had been so allowed, the trustee in bankruptcy moved to re-examine and disallow said claim against the individual estate of Brown. This motion having been overruled by the referee in bankruptcy, the trustee filed a petition to review the order of the referee.

Thos. G. Kittrell, of Nashville, Tenn., for bankrupt.
Wm. L. Talley, of Nashville, Tenn., for American Paper Box Co.
Lee Douglas and L. R. Campbell, both of Nashville, Tenn., for trustees.

SANFORD, District Judge. The referee was of opinion that the trustee's motion to re-examine and disallow the claim of the American Paper Box Company as a claim against the individual estate of J. B. Brown should be overruled· on the ground merely that the objection and motion for reconsideration was filed too late, that is, more than twelve months after the claim had been filed. I am of opinion that this was error. Section 57k of the Bankruptcy Act provides that claims which have been allowed may be reconsidered for cause· "before, but not after, the estate has been closed." This provision indicates that as a general rule reconsideration should be allowed before the estate has been closed, there being no other limitation expressed in the Act as to the time within which such reconsideration may be made.

It is true that in Loveland on Bankruptcy (4th Ed.) § 349, p. 721, it is said that:

"A trustee has been held to be barred by laches to petition for a re-examination of a claim once allowed."

Two cases are cited in support of this proposition. In one, In re Hinckel Brewing Co. (D. C.) 123 Fed. 942, it was held that where the claim of a landlord for rent of premises occupied by the bankrupt's receiver had been filed against the estate and allowed without objection, and so stood until after the receiver had settled his accounts and been discharged and no claim therefor could be made against him, the trustee was precluded by reason of laches from thereafter having the allowance reviewed; the basis of this decision being that to allow a·review at that time would aid in the perpetra-

tion of a fraud upon the claimant, who, relying upon the allowance of the claim, had changed his position for the worse and lost remedies he might otherwise have asserted. In the other, In re Hamilton Furniture Co. (D. C.) 116 Fed. 115, it was held that, where one creditor petitioned for the re-examination and disallowance of a number of claims after they had been allowed and participated in a dividend, and the trustee appeared and objected to the re-examination of such claim, the petitioning creditor was barred by his laches.

I am of opinion that these cases rest upon entirely different principles from that involved in the present case. In the only one of these cases which deals with a petition of the trustee for re-examination of claims, namely, the Hinckel Brewing Co. Case, the trustee's petition was disallowed for laches that if not held a bar would have worked great prejudice to the creditor whose claim had been allowed, by reason of the change of status. No such state of affairs is shown here. The claim in question on its face appeared to be a claim against the individual estate of Brown. It is virtually conceded, as I understand from the briefs, that no dividend has yet been declared. There is no element of estoppel or of prejudice to the American Paper Box Company by change of status which should prevent the trustee, upon ascertaining the facts in reference to this claim, from asking for its re-examination and disallowance as a claim against the estate of Brown. At least no such state of affairs appears from the record, which presents merely the question of whether a delay of more than one year, without other facts appearing, and before a dividend has been declared or paid, is of itself such laches as to bar a re-examination. I am of opinion that on the facts now appearing such laches is not shown.

The petition for review will accordingly be allowed, the order of the Referee overruled, and the case remanded to the Referee for further proceedings in accordance with this opinion. The costs incident to the petition to review will be paid by the American Paper Box Company.