## Wooden *v.* Reese and Sheriff, Appellants.

*Res adjudicata — Bankruptcy — Proof of claim — Recovery of special fund.*

It is the essence of the doctrine of res adjudicata that the proposition, respecting which it is invoked, must have been adjudicated either expressly or by necessary implication.

Proof and allowance of a claim in bankruptcy is not such a judicial determination of the rights of the parties, as to estop the bankrupt's trustee from afterwards suing the creditor to avoid a preference, or to recover property which had been deposited upon a special trust.

Where a debtor pays his creditor a sum of money for a specific purpose, and the creditor fails to apply it to that purpose, the trustee in bankruptcy of the debtor may recover the sum thus paid, even though in the meantime the creditor has proved a claim against the bankrupts estate and received dividends thereon.

Argued November 8, 1920.   Appeal, No. 142, Oct. T., 1920, by defendants, from judgment of C. P. Lycoming County, June T., 1918, No. 189, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of Frederick G. Wooden, Trustee in Bankruptcy of the George Webster Lumber Company, v. B. S. Reese and E. B. Sheriff, copartners, trading under the firm name of Reese-Sheriff Lumber Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit to recover purchase price of lumber not delivered.   Before WHITEHEAD, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.   Defendants appealed.

*Error assigned* was the order of the court.

*Mortimer C. Rhone,* and with him *A. R. Jackson,* for appellants.—The bankruptcy court has exclusive jurisdiction in the matter of proving and allowing claims and settling disputes between the bankrupt and his creditors: U. S. F. & G. Co. v. Bray, 225 U. S. 205; Acme Harvester Co. v. Beckman Lumber Co., 222 U. S. 300.

Where a court has jurisdiction of the cause of action the subject-matter and the parties, its judgments or decrees are conclusive of all relevant matters which were or could have been raised: First National Bank v. Dissinger, 266 Pa. 349; Hartranft v. Ives, 64 Pa. Superior Ct. 338.

*Max L. Mitchell,* and with him *Charles S. Ballard* and *Charles J. Weston,* for appellee.—A creditor who accepts a payment or deposit with directions to apply it in a particular manner is bound to so apply it: Kann v. Kann, 259 Pa. 583; Bank v. MacAlester, 9 Pa. 475; Hall v. Marston, 17 Mass. 575; Bank v. Meredith, 2 Wash. (U. S.) 47.

The Bankrupt Act works no change in the rules governing set-off and the trustee takes the place of the bankrupt and stands in his shoes: Libby v. Hopkins, 104 U. S. 303; Lehigh Valley Coal Sales Co. v. Maguire, 251 Fed. 581.

OPINION BY PORTER, J., July 14, 1921:

The plaintiff brings this action to recover the money which came into the hands of the defendants in the following circumstances. The George Webster Lumber Co., in January, 1915, sent to the defendants an order for a carload of maple lumber, enclosing a check for $400, designating it "as advance payment on car." "With the understanding that you return us check promptly to cover the difference, if any, between the net amount of your invoice and this check for $400." The defendants

replied to this letter, saying: ."We acknowledge receipt
of your check for $400 on account of the shipment of
8/4 maple and thank you for the same.   The matter will
have our prompt attention."   The defendants made no
attempt to ship the lumber.   A petition in bankruptcy
was filed against the George Webster Lumber Co., on
February 18, 1915, and the company was, on May 3,
1915, duly adjudicated a bankrupt.   On August 6, 1915,
the Reese-Sheriff Lumber Co. filed with the referee in
bankruptcy a proof of claim for $177.37 against the es-
tate of the bankrupt, which claim was on that day duly
allowed by the referee.   Frederick G. Wooden was, on
November 12, 1915, duly appointed trustee in bank-
ruptcy of the estate of the George Webster Lumber Co.,
and now brings this action to recover of the defendants
the amount paid to them as above stated.   The court
below entered judgment against the defendants for want
of a sufficient affidavit of defense, from which judgment
they have taken this appeal.

The affidavit of defense averred that at the time the
bankrupt paid to them the $400 for the specific purpose
stated in its letter, with which purpose the defendants
undertook to comply, the George Webster Lumber Co.,
the bankrupt, was really indebted to the defendants in
the sum of $577.37 and that the amount for which they
filed their proof of claim against the bankrupt estate
was only the balance remaining after applying the $400,
received for another purpose, on account of the general
indebtedness of the bankrupt to the defendants.   The re-
mitting of the $400 by the George Webster Lumber Co.
to the defendants, to be applied by the latter according
to specific instructions, did not make the defendants the
debtors of the bankrupt, but its trustees.   The defend-
ants did not become creditors of the bankrupt in that
transaction, within the meaning of the Bankrupt Act.
The indebtedness was all on the side of the George Web-
ster Lumber Co.   These defendants owed that company
nothing.   They held this money in trust to apply as by

it directed. There did not exist between the parties
mutual credits or debts, which were the subject of set-
off, within the meaning of the Bankrupt Act: Libby v.
Hopkins, 104 U. S. 303; Alvord v. Ryal, 212 Federal
83; Lehigh Valley Coal Sales Co. v. Maguire, 251 Fed-
eral 581. The learned counsel for the defendants, in
their oral argument and printed brief, do not seriously
contend that they had the right, under the Bankrupt
Law as construed by the courts of the United States, to
set off the indebtedness of the bankrupt upon its general
account, against the claim of the trustee for this specific
fund. Their only contention now is that the proceedings
in the bankrupt court, set forth in the statement of claim
and affidavit of defense, constituted an adjudication of
the question presented by this suit. Are those proceed-
ings an adjudication of the rights here involved? The rec-
ord of their proof of claim against the bankrupt estate, at-
tached to the affidavit of defense, which the defendants
seek to interpose as a bar to this action, did not disclose
that the defendants were attempting to set off the
amount which they had received for a specific purpose
against the indebtedness of the bankrupt upon its general
account. It contains no mention of this sum of $400,
nor does it make any attempt to show how they arrive
at the balance which they asserted to be due. The rec-
ord, as printed in the paper-book, merely discloses that
the defendants asserted that there was due them from
the estate of the bankrupt the sum of $177.37, and that
the proof of claim was allowed by the referee. Neither
referee nor the court could ascertain from this record that
the amount of the claim which the defendants were en-
titled to was larger, nor was there in the record any sug-
gestion that the defendants had reduced the amount of
their claim against the bankrupt estate by setting off a
part of it against moneys of the bankrupt which they
held as trustees. The trustee in bankruptcy had not at
that time been appointed, but if he had been the law im-
posed upon him no duty to insist that creditors should

prove the full amount of their claims, and the claim presented by the defendants would have given him no notice of what the latter were attempting to do. It is argued, however, on the part of the defendants, that because of the mere proof and allowance of the appellants' claim filed in the bankruptcy court, no appeal having been taken therefrom, the matter is finally concluded between all parties, including the trustee in bankruptcy.

The summary and informal procedure provided by the Bankrupt Act, for the proof and allowance of claims, which must be ex parte, unless some creditors or other interested person happens to object, lends no color to the argument that a trustee is so far bound by a judgment of allowance as to be estopped from afterwards suing a claimant to avoid a preference, or recover property of the bankrupt deposited upon a special trust: Buder v. Columbia Distilling Co., 70 Southwestern 508; Utah Association of Credit Men v. Boyle Furniture Co., 117 Pacific Rep. 800; Stearns Salt & Lumber Co. v. Hammond, 217 Federal Rep. 559. It is the essence of the doctrine of res adjudicata that the proposition respecting which it is invoked be adjudicated either expressly or by necessary implication. "Neither the judgment of a concurrent nor exclusive jurisdiction is evidence of any matter which came collaterally in question, though within the jurisdiction; nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment": Cavanaugh v. Buehler, 120 Pa. 457. The record upon which the defendants rely as a bar to the present action does not disclose that the matter here involved came in question even collaterally. The defendants may in that proceeding, if the allegations of their affidavit of defense are true, have proved a claim against the estate of the bankrupt in an amount less than the debt really due them, but, if so, they carefully kept out of the record any suggestion of the manner in which they had arrived at the balance they alleged to be due.

The judgment is affirmed.