## Rudisill's Trustee, Appellant, *v.* Wildasin.

*Bankruptcy—Preference—Intention—Belief — Evidence — Case for jury—Act of Congress of 1910.*

1. To establish a preference in bankruptcy it must appear that the creditor who was paid, had reasonable cause to believe preference was intended.

2. The mere fact that the money was paid and that the debtor was insolvent does not of itself give rise to a claim of preference; nor, standing alone, will they be sufficient to support a concerted action having that end in view; nor will a mere suspicion from such evidence be sufficient.

3. There must be some evidence showing concerted action or circumstances enough to put an ordinarily prudent man on inquiry.

4. Whether such reasonable cause to believe existed is a question of fact for the jury, and the burden of proof is on the trustee in bankruptcy seeking to establish the preference.

5. If a creditor knows of his debtor's insolvency, or has reasonable ground to believe he is insolvent, and taking and enforcing the security or transfer will work a preference, he brings himself within the Act of Congress of 1910.

Argued May 17, 1922. Appeal, No. 405, Jan. T., 1922, by plaintiff, from judgment of C. P. York Co., Aug. T., 1921, No. 38, on verdict for defendant, in case of Alvin R. Nissly, Trustee of Pius W. Rudisill, bankrupt, v. Martin Wildasin. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

256 RUDISILL'S TRUSTEE, Appel., *v.* WILDASIN.

Assumpsit by trustee in bankruptcy to recover amount of a preference. Before Ross, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was refusal of judgment for plaintiff n. o. v., quoting record.

*Michael S. Niles,* with him *Ehrhart & Bange, Charles A. May, Geo. E. Neff* and *Henry C. Niles,* for appellant, cited: Schuette v. Swank, 265 Pa. 576.

*James G. Glessner,* for appellee, was not heard.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

On the 18th of October, 1919, Pius W. Rudisill sold his accounts receivable and an automobile, paying from the sum realized two notes, aggregating $1,800, on which defendant was surety. Rudisill was then insolvent, and, on the 21st of November of the same year, was adjudged a bankrupt. This action was brought by the trustee to recover the above sum which, it is claimed, was a preference under the Bankruptcy Act as amended in 1910, section 60-B. The case was submitted to the jury, who found for defendant, upon which judgment was entered.

To establish a preference it must appear defendant had reasonable cause to believe a preference was intended. The act of Congress forbids a preference, under penalty of repayment. But every payment of money by an insolvent is not necessarily a preference, and the facts that the money is paid and the debtor is an insolvent do not, of themselves, give rise to the claim of preference, nor would they, standing alone, be sufficient to support a concerted action having that end in view. Nor will a mere suspicion from such evidence; in addition, there should be some evidence showing concerted action or circumstances enough to put an ordinarily prudent man

on inquiry: City Nat. Bank et al. v. Slocum, 272 Fed. 11, 22, paragraphs 16 and 17; Schuette v. Swank, Receiver, 265 Pa. 576, 582; Marshall v. Nevins, 242 Fed. 476, 478, paragraph 2. Whether such reasonable cause to believe existed is a question of fact, and the burden of proof is on the trustee: Pyle v. Texas Transport & Terminal Co., 238 U. S. 90, 98. If, however, a creditor knows of his debtor's insolvency, or has reasonable ground to believe he is insolvent, and taking and enforcing the security or transfer would work a preference, he brings himself within the act.

The bankrupt denied that he had any agreement with the defendant relative to the sale of his book accounts, and defendant denied any knowledge of such understanding, though it is alleged he had previously made statements that it existed.

The treasurer of the Hanover Trust Company, payee of the notes, knew the accounts were being sold to pay off the notes on which defendant was surety, and that the bankrupt was otherwise unable to pay some bills. But, taking into consideration defendant's denial of knowledge a preference was intended, and as there was a conflict in the evidence tending to show he had reasonable ground to believe Rudisill was insolvent, the court could not declare, as a matter of law, such reasonable ground existed, or that the testimony conclusively showed defendant knew that fact. Defendant, in important parts of his evidence, is supported by the treasurer of the bank. The court did not commit error in declining plaintiff's motion for judgment n. o. v.

The judgment is affirmed.