## In re EMPIRE FLOORING CO.
### No. 14940.

District Court, W. D. Pennsylvania.
June 20, 1930.

G. J. Campbell, of Pittsburgh, Pa., for Citizens' Trust Co.

J. C. Boyer, of Pittsburgh, Pa., for receiver.

SCHOONMAKER, District Judge.

The Citizens' Trust Company, a banking corporation of Pennsylvania, has filed a petition in the above matter asking the court to restrain the trustee in bankruptcy from proceeding with a suit in the county court of Allegheny county, Pa., to recover $488.01, the amount of the bank balance which the bankrupt had on deposit with the petitioner at the time of the filing of the petition in bankruptcy.

On June 8, 1929, the Empire Flooring Company was adjudged a bankrupt. On that date, the bankrupt was indebted to the petitioner in the sum of $5,650 as evidenced by two promissory notes made by the bankrupt. On that date the bankrupt had on deposit with the petitioner the sum of $488.01 in a checking account. On June 25, 1929, the petitioner filed with the referee in bankruptcy proof of debt in which it claimed $5,650 due it on the promissory notes above recited and gave credit against said claim for the $488.01, the balance in the checking account. This claim was on that date filed and formally allowed by the referee in bankruptcy. No petition has been filed in this case to have this claim reconsidered, reallowed, or rejected in whole or in part, as authorized by section 57k of the National Bankruptcy Act (11 USCA § 93(k).

On February 7, 1930, the trustee in bankruptcy filed a suit in assumpsit in the court of Allegheny county, Pa., to recover the checking balance of $488.01. On April 2, 1930, the petitioner filed in this court its petition asking the court to restrain said trustee from proceeding further with the suit in the courts of Allegheny county.

The questions presented are: (1) Whether the allowance of the claim of the Citizens' Trust Company showing this set-off of the bank balance against the amount due the trust company on bankrupt's promissory note indebtedness is res adjudicata; and (2) whether or not we should restrain the trustee from proceeding further in the state court.

The procedure for the filing and allowance of the claim against the bankrupt estate is fixed by section 57 of the National Bankruptcy Act. When the claims formally comply with this section, they are filed and allowed; the proceeding being entirely ex parte, unless objection to the allowance is made by the parties in interest, or the consideration of the claim is continued for cause by the court of its own motion.

■ It has therefore been held by the courts that proof and allowance of a claim in bankruptcy is not such a judicial determination of the rights of the parties as to estop the bankrupt's trustee from afterwards suing the creditor to avoid a preference, or to recover property which has been deposited upon a special trust. Wooden v. Reese, 77 Pa. Super. Ct. 162; Stearns Salt & Lumber Co. v. Hammond (C. C. A.) 217 F. 559.

■■ In the instant case, however, the petitioner contends under section 68 of the National Bankruptcy Act (11 USCA § 108) that it presented a claim, which is a case of mutual debt of the bankrupt to the petitioner on the notes, and the petitioner to the bankrupt on the bank deposit, and that its claim for the difference between these two amounts was properly allowed. It has been held that the balance of a regular bank account at the time of filing the petition in bankruptcy is a debt due to the bankrupt from the bank; and in the absence of fraud or collusion between the bank and the bankrupt with the view of creating a preferential transfer, the bank need not surrender such balance, but may set it off against notes of the bankrupt held by it and prove its claim for the amount remaining due on the notes. New York County National Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 L. Ed. 380; Studley v. Boylston National Bank, 229 U. S. 523, 33 S. Ct. 806, 57 L. Ed. 1313; United States v. Butterworth-Judson Corporation et al., 267 U. S. 387, 395, 45 S. Ct. 338, 69 L. Ed. 672. Therefore, unless the trustee is in a position to show that the bank balance at the time of the adjudication in bankruptcy had been created with a special purpose of giving a preference to the bank, the bank would legally be entitled to have a set-off. That question of mutual set-offs would ordinarily be determined in the bankruptcy court before the referee, and it seems to us that the allowance of this proof of claim specifically showing this set-off would be res adjudicata of the right of the bank to set off the bank deposit unless reconsideration of the claim is demanded by the referee under the provi-

sions of section 57k of the National Bankruptcy Act.

█ The petitioners urge that it is too late now to move to consider this claim and that laches on the part of the trustee has barred him from so doing. It has been held, however, that a delay by a trustee in bankruptcy of a year after filing the petition does not constitute laches where it appears that the delay has not resulted in any prejudice to the claimant; and the reconsideration of the claim may be allowed after twelve months where it appears that no dividend has been declared and nothing has happened to prejudice the rights of the claimant. In re Globe, Laundry Co. (D. C.) 198 F. 365.

█ The trustee in bankruptcy in this case argued that it was not estopped by the formal allowance of this claim by the referee from proceeding to recover the checking balance in the state court, and that the petition of res adjudicata in the case there pending can properly be raised in and decided by the state court. We are of the opinion, however, in view of the fact that the claim as filed discloses a mutual set-off, it became incumbent upon the referee first to determine in the bankruptcy proceeding whether the bank was entitled to apply that checking balance to its note indebtedness. If the bankruptcy court should conclude that the bank was not entitled to make that application, then the suit against the bank in the state court should properly go on.

█ The petitioners in this case, however, claim that this suit was improperly brought in the state court without permission from the referee in bankruptcy. The trustee replies that he had the verbal permission of the referee to sue before he commenced action. The right of a trustee to sue would seem to follow as an incident to the duties of his office in collecting and reducing to money the property of the bankrupt estate. In re Meadows, Williams & Co. (D. C.) 181 F. 911. His action, however, is under the control of this court. Section 47 of the National Bankruptcy Act (11 USCA § 75).

█ In the instant case, we believe the end of justice will be met by directing the trustee to suspend further proceedings in the county court of Allegheny county until this court shall determine: (1) Whether the trustee is entitled to have now a reconsideration of the claim of the petitioner as allowed by the referee; and (2) whether, upon such reconsideration, this court should hold that the bank is entitled to credit the checking balance of the bankrupt on the notes owed by the bankrupt to the petitioner at the time of the filing of the adjudication in bankruptcy in this case.

If the trustee desires to ask for a reconsideration of the claim of the petitioner, he should act promptly and within ten days from the date of the filing of the order in this case. Let an order be submitted accordingly.