## BLOCH v. MILL FACTORS CORPORATION.

### No. 223.

Circuit Court of Appeals, Second Circuit.

April 28, 1941.

S. London and Nathan Siegel, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order in bankruptcy, reversing the order of a referee which had dismissed the petition of the trustee to direct the defendant, a factor, to turn over the proceeds from the sale of certain goods of the bankrupt. The question turns upon whether the factor had acquired a lien upon the goods so sold. The facts were as follows. On July 30, 1937, the bankrupt, a dealer in shirts and pajamas, entered into a contract by which the defendant was to lend it money and as collateral security the bankrupt was to assign all its accounts receivable. Upon these it gave the defendant a lien as well as "upon any and all merchandise of Melbourne" (the bankrupt) "the sale of which has resulted in such accounts receivable." The contract later provided that "all returned merchandise shall be held in trust by Melbourne for the Factor until the amount advanced upon the account in dispute shall have been repaid." In pursuance of this agreement the bankrupt separately assigned each account and the defendant gave notice of the assignment to the customer. At times a customer returned goods and the bankrupt accepted them; it did not however keep the returned goods separate from its general stock, nor did it comply with those conditions prescribed by § 45 of the New York Personal Property Law, Consol. Laws, c. 41, to preserve a factor's lien upon merchandise. An involuntary petition was filed against the bankrupt on June 14, 1938, and an adjudication was entered on July 15th. On June 21st and July 12th, trustees of the bankrupt—temporarily appointed in a reörganization proceeding which was later dismissed—delivered the returned goods to the defendant, which it has now sold and the proceeds of which are the subject of this controversy.

Later the defendant filed a proof of debt in bankruptcy, on which it credited the proceeds; to this the trustee filed objections, among which was not however that the defendant had received a preference which it must surrender. He subsequently withdrew his objections, and it does not definitely appear that in doing so he reserved any rights. The questions at issue are whether the defendant was entitled to

Walter D. Yankauer, and Sperry & Yankauer, all of New York City, (Samuel Weinberg, of New York City, of counsel), for appellant.

David W. Kahn, and London, Simpson & London, all of New York City, (Ephraim

a lien upon the returned goods; and whether the allowance of the proof of claim after withdrawal of the trustee's objections was an estoppel upon any of the issues at bar.

Section 45 provides two alternative methods by which a merchant can give to a factor a lien upon his accounts receivable: first, by a general agreement that the factor shall have such a lien, which must be implemented by notice to each of the merchant's customers that the account is payable to the factor; and, second, by a separate assignment of each account to the factor of which he need not advise the customer. The defendant followed both methods and the trustee does not question the validity of the assignments, so far as concerns the accounts themselves. On the other hand the defendant does not maintain that it acquired any lien upon the goods as such except as they must be regarded as "proceeds" of the accounts. The first issue is therefore narrowed to this: whether goods returned by a customer and accepted by the merchant are "proceeds resulting from * * * a sale * * * of merchandise" within the meaning of § 45. The courts of New York have not passed upon the point, but we have no doubt as to the proper answer; both in words and purpose the section does not protect the lien upon such goods. First as to the words. When a customer returns goods and the merchant accepts them, nobody can doubt that the transaction is a rescission; it follows that the sale has been cancelled and that no "proceeds" can "result" from it—words which refer to what the buyer gives in exchange for the goods. Second, the purpose of the section is in accord. It has two objects; (1) to provide means by which a merchant's creditors can learn of any encumbrance upon goods which he carries on his shelves; (2) to allow him to pledge his accounts without notice to his creditors. (It will be observed that not even the customers need have notice if each account is separately assigned.) The purpose was therefore to prevent merchants from gaining credit from an "ostensible" ownership, but to leave them free to pledge their other property. Every consideration which makes desirable public notice of the factor's interest in unsold goods applies to returned goods; and it is not conceivable that the statute should have meant to allow these to be encumbered by secret liens merely because they had once been sold. Nor can the factor escape the statute by calling the lien a "trust," particularly where, as here, the merchant made no effort to separate the goods for his benefit.

The second question is as to the effect of the allowance of the defendant's proof of debt on which it had credited the proceeds here in dispute. The argument is that when the trustee accepted this deduction, he became estopped to deny that it represented a valid payment. That is a nonsequitur. When a creditor files a proof of claim and it is allowed, nothing more is decided than that he is entitled to a dividend upon the amount claimed. Any credits which he may see fit to deduct are not in controversy; the trustee has no interest in disputing them and the creditor has by hypothesis conceded them. Remington on Bankruptcy, § 1003, does indeed say that if the trustee fails to contest the claim on the ground that the creditor has received a preference, the allowance of the claim is a good bar to a subsequent suit to recover the preference; and he cites as an authority Clendening v. Red River Valley National Bank, 12 N.D. 51, 94 N.W. 901, 903. That decision did not however so decide; the opinion declares that "objection was made to the allowance of the claim because of these indorsements. * * * There was no surrender, although counsel for the bankrupt insisted before the referee that the items in question constituted preferences. In the face of these objections the referee allowed the claim, and thus necessarily held that * * * these items * * * were not preferences." Upon those facts there was indeed an estoppel, as we held in Schwartz v. Levine & Malin, Inc., 2 Cir., 111 F.2d 81. But if the trustee does not plead the defence, the allowance of the claim is not res judicata upon the issue of preference, and could not be without confusion of the doctrine of merger with that of estoppel. The allowance, like a judgment, is indeed an effective bar to any subsequent objection to the claim; but it establishes no fact by way of estoppel which was not decided, and necessarily decided. When the trustee does not plead the defence the issue cannot be decided; and he may therefore later assert any claim depending upon it. Such decisions as have passed upon the point are in accord with this view. Buder v. Columbia Distilling Co., 96 Mo.App. 558, 70 S.W. 508; Utah Association of Credit Men v. Boyle Furniture Co., 39 Utah 518, 117 P. 800 (while this opinion was later "withdrawn," 43

Utah 523, 136 P. 572, it is impossible to see how the plaintiff could have succeeded, as it did, unless the court had adhered to its original ruling on the point); In re Empire Flooring Co., D.C.W.D.Pa., 43 F. 2d 748. Stearns Salt & Lumber Co. v. Hammond, 6 Cir., 217 F. 559, 564, contains a dictum in accord, but cannot be taken as a ruling.

Order affirmed.