838

**In re STANDARD CONST. CO., Inc.**
No. 4966.

United States District Court
D. New Hampshire.
July 7, 1950.

Perkins Bass, Manchester, N. H., for petitioner.

Charles J. Flynn, Nashua, N. H., for trustee in bankruptcy.

CONNOR, District Judge.

This is a petition by the Manchester National Bank for a review of certain rulings of law made by the Referee in Bankruptcy relative to the application of the factors lien law of New Hampshire, Laws 1943, c. 161. The facts are not in dispute, and the sole question here presented is whether the bank and the Standard Construction Co., Inc. complied with the requirements of Section 5 of the Act in undertaking to create a factor's lien upon the corporation's accounts receivable, prior to four months of the adjudication of the corporation as a bankrupt.

A factor's lien agreement between the bank and the bankrupt was formulated May 14, 1947, which antedated the adjudication by a considerable period. The referee found that the agreement, duly executed, with proper posting of notice thereof, was intended to create a lien on all accounts receivable of the bankrupt corporation. The record discloses that a notice was pasted in the front of the accounts-receivable ledger of the corporation, to the effect that the accounts were assigned to the bank under a factor's lien agreement. The referee further found that from the date of the agreement, through October 31, 1948, no bill, invoice, statement or notice was mailed, sent or delivered to any person owing such accounts receivable, which stated in substance that the account was payable to the factor, and ruled that no lien had been perfected.

Upon the issue of the creation and validity of a factor's lien, the state law must be followed. In re Rosen, 3 Cir., 157 F.2d 997. The terms of the statute provide alternative methods by which a factor's lien may be perfected as to accounts receivable.

An agreement may be entered into, as here, to provide protection to the lender against the claims of creditors. That in turn must be supplemented by notice to each of the borrower's customers that the account is payable to the factor. The alternative method requires that the agreement be supplemented by a further or formal assignment of each account to the factor, and in such circumstance it is unnecessary to notify the customer of the assignor. Bloch v. Mill Factors Corporation, 2 Cir., 119 F.2d 536, 134 A.L.R. 1188.

It is the contention of the petitioner that compliance with the statute was accomplished by the execution of this agreement, basing its claim upon the language contained therein, whereby the "Borrower agrees * * * to sell, assign, transfer and pledge, and does hereby sell, assign, transfer and pledge * * * accounts receivable owned by it * * * and also agrees to, and does hereby, sell, assign, transfer and pledge to the Bank any and all * * * accounts receivable of any kind, nature and description whatsoever that subsequently may be acquired by the Borrower * * *." In the alternative, it is urged that if the foregoing language does not constitute an assignment, such was effected and the statute complied with by the notice appended to the ledger. Additionally, the petitioner maintains that the requirement of notice to the creditors of the borrower was met by such attached notice or statement.

None of these contentions can be supported, for it is abundantly clear that the petitioner did not adopt either of the modes above described. The first requires that if a lien is to be created, some form of statement or notice be mailed, sent or delivered to the person owing the account receivable, apprising such person that the account is payable to the factor. This procedure was not adhered to and there is no merit in the petitioner's suggestion that the notice appended to the ledger supplanted such omission. The statutory proviso of the alternative mode prescribed an assignment of the individual "account." Neither the language above quoted and proffered as a proper assignment, nor the contention that the notice or statement affixed to the

accounts-receivable ledger constituted such deserves extended discussion. The assignment expressed in paragraph 3 is general in scope, rather than the statutory specific disposition of each account; the notice was effectual only to the extent implied by its terms, but was not an assignment and did not purport to be such.

The order of the referee is affirmed.