## No. 77.

### THE STATE OF LOUISIANA vs. DAMON LOWRY.

Under section 790, Rev. Sta., "thrusting" a person may well include thrusting with "an iron bolt, rod or pin," whether the point be sharp or not.

APPEAL from the Sixteenth Judicial District Court, parish of East Feliciana. *Kernan*, J.

*Chs. E. Lea*, District Attorney, for the State, Appellee.

*Stone & Brane* and *H. H. Childers* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The accused was indicted under Sec. 790 of the Revised Statutes, providing : " If any person lying in wait, or in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary, shall shoot, stab or thrust any person with a dangerous weapon, with the intent to commit the crime of murder, he shall, on conviction thereof, etc."

The indictment charges that, under the circumstances prescribed in the statute, the accused " did strike or thrust with a dangerous weapon, namely, an iron bolt, rod or pin, one John P. D. Brooks, with intent to commit murder."

The judge charged, as requested by defendant's counsel, that "striking is not thrusting, and the proof of striking, however severely, will not justify the verdict of guilty on the charge of thrusting, and that the word *striking* used in the indictment should be regarded as surplusage."

Defendant's counsel also asked the judge to charge that " thrusting cannot be done except with a pointed weapon, thrusting being an attack with a pointed weapon." This charge was refused by the judge, to which refusal exception was duly taken.

The *gravamen* of the errors assigned for our consideration, is :

1st. That the judge erred in refusing the above charge ;

2nd. That, as thrusting can only be done with a pointed weapon, the indictment fails to charge the offence denounced by the statute.

In Voorhies' Criminal Jurisprudence it is said : " Stabbing means a wounding with a pointed instrument (Waterman's Archbold, 260–1 ; 3 An. 512), and thrusting is an attack with a pointed weapon." The learned author cites no authority in support of the last proposition ;

counsel for accused refers to none; and, after some research, we have been able to find none. We are not informed that the word *thrust* has received any peculiar legal definition. It is not found in the law dictionaries of Bouvier or Burrill. We do not find it referred to in the *indices* of any of the text books on criminal law, nor, as far as our examination has extended, in the body of those works. We may, therefore, assume that the law-maker used it in its ordinary meaning as an English word. The lexicographers assign to it no such exclusive sense as that contended for by counsel. On the contrary, the verb transitive, to thrust, which is the one used in the statute, is defined : " to push or drive with force, as to *thrust* anything with the hand or foot or with an instrument; to drive, to force, to impel." The intransitive verb is defined : " to make a push ; to attack with a pointed weapon, as a fencer thrusts *at* his antagonist." The statute punishes thrusting a person, not thrusting *at* a person. The noun *thrust* is defined " a violent push or driving, as with a pointed weapon, or with the hand or foot, *or with any instrument.*" See Webster and Worcester.

From this it appears, and we so hold, that " thrusting " a person may well include thrusting with " an iron bolt, rod or pin," whether the point be sharp or not. Such an instrument may well be a dangerous weapon—and as to whether a thrust therewith was with " intent to commit murder," that was a question for the jury.

Judgment affirmed.