State vs. Alfred et al.

---

, No. 11,023.

THE STATE OF LOUISIANA VS. TOUSSAINT ALFRED ET AL.

1. A charge made in an indictment that the accused, " with a certain dangerous weapon, to-wit: a large piece of timber, one A B, feloniously, wilfully, and of his malice aforethought, did strike, with intent then and thereby, him, the said A B, to kill and murder," is responsive to Acts 43 and 44 of 1890.

2. A verdict rendered finding the accused guilty of "striking with a dangerous weapon with intent to kill." is responsive to the charge of such an indictment, and to the provisions of Act 44 of 1890.

3. "A large piece of timber" is a dangerous weapon, within the intendment of each one of those statutes.

State vs. Alfred et al.

A PPEAL from the Twenty-first District Court for the Parish of
St. Martin. *Mouton, J.*

*W. H. Rogers*, Attorney Gener. for the State, Appellee.

*Edward Simon* and *Robert Martin* for Defendants and Appellants.

The opinion of the court was delivered by

WATKINS, J. The charge of the indictment is, that the several defendants, "with a certain dangerous weapon, to-wit: a large piece of timber * * * one Francois Grandi * * * feloniously, wilfully and of his malice aforethought did strike with intent then and thereby him, the said Francois Grandi, to kill and murder," etc.

*In limine*, the District Attorney entered a *nolle prosequi* as to the defendant, Adam Gandi; and upon the trial the two defendants, Jean Baptiste and Noel Alfred, were acquitted, and Toussaint and Eugene Alfred were convicted of the crime of "striking with a dangerous weapon, with intent to kill."

Thereupon, the two convicted parties were sentenced "to imprisonment in the parish jail, of the parish of St. Martin, for a period of six months."

After trial and conviction, but previous to sentence, counsel for the convicted parties presented and filed a motion in arrest of judgment, upon the grounds, *first*, that the charge of the indictment does not respond to any law of the State; *second*, that the verdict of the jury does not respond to the charge of the indictment; and *third*, that "a large piece of timber" is not a dangerous weapon within the intendment of the statute under which the indictment was framed.

This motion was overruled, and the counsel for the accused reserved a bill.

Looking into the acts of the Legislature, under which the indictment was found, and the conviction secured—Acts 43 and 44 of 1890 —it appears that the former delares that "whoever shall shoot, stab, cut, *strike*, or thrust any person with a dangerous weapon, with intent to commit murder, on conviction," etc. Sec. 1, Act 43 of 1890.

The provisions of Act 44 of 1890 are of a similar phraseology and import, the phrase of the former, to-wit, "with intent to commit

murder," being replaced by the phrase in the latter, to-wit, " with intent to kill."

It is therefore evident that the indictment was found under the provisions of the former act, though the conviction was secured under the latter act—a verdict permissible in law. It is equally evident that the indictment is responsive to the Act 43 of 1890, and the verdict is responsive to the Act 44 of 1890.

That " a large piece of timber " is, in the sense of those statutes, " a dangerous weapon," we are of opinion, is not open to doubt.

In State vs. Lowery, 33 An. 1224, like phraseology occurring in a similar statute was thus interpreted and applied.

The accused in that case was indicted under Revised Statutes, Sec. 790, which declares that " if any person lying in wait   *   *   *   shall shoot, stab or thrust any person *with a dangerous weapon*, with the intent to commit the crime of murder, shall," etc; and the charge was, that the accused " did thrust or strike with a dangerous weapon, namely, an iron bolt, rod or pin," etc., and this court held that such an instrument may well be a dangerous weapon. That decision is correct, and is conclusive of the question here.

Judgment affirmed.