No. 13,112.

THE STATE OF LOUISIANA VS. ALEXANDER SINEGAL.

SYLLABUS.

1. The punishment to be inflicted upon an accused convicted under an indict·
ment, charging him with violation of Section 791, of the Revised Statutes,
as amended by Act No. 43 of 1890, being "imprisonment at hard labor, or
*otherwise,*" the issues in the case were triable by a jury of five.

2. Although a razor may not be *eo nomine* a dangerous weapon, it may become
such by its use, and a conviction under Section 791 of the Revised Statutes
in which the accused is charged with cutting with intent to murder, with a
dangerous weapon, to-wit: a razor, is justified if supported by proper
evidence.

O N APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Dupre, J.*

*M. J. Cunningham,* Attorney General, and *R. Lee Garland,* District Attorney, for Plaintiff, Appellee.

*C. F. Garland* for Defendant, Appellant.

Submitted on brief April 22, 1899.

Opinion handed down May 1, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant was indicted for having felon-iously, wilfully and of his malice aforethought, cut one Alfred Jean,

with a dangerous weapon, to-wit., a razor, with the intent feloniously, wilfully and of his malice aforethought to kill and murder him, contrary to the form of the statute of Louisiana in such cases made and provided.

He was tried by a jury of five, which returned a verdict against the prisoner of guilty of cutting with a dangerous weapon with intent to kill, whereupon the court sentenced him to be imprisoned in the State penitentiary for the space of one year.

He appealed.

Before sentence was pronounced upon him defendant moved in arrest of judgment for the reason:

1st. That he was indicted under Section 791 of the Revised Statutes. That the penalty under the same was necessarily imprisonment in the State penitentiary with or without hard labor. That Act No. 44 of 1890 which provides for cutting with intent "to kill" (not with intent to murder) makes the penalty necessarily, imprisonment in the penitentiary with or without hard labor.

That Article 116 of the Constitution of 1898 provides that all cases (where the punishment is necessarily imprisonment at hard labor, which means in all cases where the punishment is necessarily in the State penitentiary) should be tried by a jury of twelve, nine of whom must concur to find a verdict.

That as shown by the minutes he was tried by a jury of five only, that this was illegal and in violation of his rights in the premises.

2nd. The indictment charged him with cutting with a dangerous weapon, to-wit., a razor, with intent to kill and murder.

That the Supreme Court having decided that a razor was not a dangerous weapon, he could not be legally convicted under either Section 791 of the Revised Statutes or Act No. 44 of 1890, both of which required the cutting to have been done with a dangerous weapon.

## OPINION.

Appellant evidently relies upon the decision of this court in *State vs. Nelson,* 38 Ann., 942, in support of his proposition that he could not have been legally convicted of having cut a person with a dangerous weapon with intent to kill or murder when the weapon with which the cutting was done was declared in the indictment to have been a razor.

That case was relied upon also by the accused in State vs. Boyd, 39 Ann., 942, but we held that it afforded him no relief.

The reasons assigned by the court for that declaration are adhered to.

We said: "It may well be that the accused could not under Section 932 R. S. have been convicted of having a dangerous weapon concealed on or about his person because a pocket knife is not *eo nomine* a dangerous weapon, but it does not follow that when under Section 794 the charge is that the accused did with such a knife feloniously inflict a severe wound less than mayhem, such weapon may not be considered by the court and jury as a dangerous weapon by the use made of it within the meaning of that section, particularly as the description of the weapon is not necessarily required by the statute, which merely mentions *a dangerous weapon, i. e.,* any dangerous weapon which may be so by the use or in itself.

Under the charge evidence could well have been received, and if deemed sufficient the jury could have convicted the accused for having with a *dangerous weapon* inflicted a wound less than mayhem on the body of another person."

We have never said, nor could we say, that a razor when used by a person in cutting another with the intent of killing or murdering him, would not be a dangerous weapon, for as said by Mr. Justice Fenner in State vs. Nelson, the records of our criminal courts show that it has been especially selected as the instrument for carrying out such a purpose and to have been frequently effectually used.

See on this subject: *10 Ann., 141, State vs. Jacob; 31 Ann., 349, State vs. Martin; 33 Ann., 1224, State vs. Lowry; 37 Ann., 467, State vs. Jackson; 38 Ann., 946, State vs. Nelson; 39 Ann., 205. State vs. Wilson; 39 Ann., 943, State vs. Scott; 41 Ann., 345, State vs. Brown; 41 Ann., 777, State vs. Hertzog; 44 Ann., 584, State vs. Alfred; 47 Ann., 159, State vs. Braxton.*

Article 116 of the Constitution of 1898, referred to by appellant, reads as follows: "The General Assembly shall provide for the selection of competent and intelligent jurors. All cases in which the punishment may not be at hard labor shall until otherwise provided by law, which shall not be prior to 1904, be tried by the judge without a jury. Cases in which the punishment may    be at hard labor shall be tried by a jury of five, all of whom must concur to render a verdict. Cases in which the punishment is necessarily at hard labor, by a jury

of twelve, nine of whom concurring may render a verdict; cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict."

The indictment in this case does not in terms mention under what particular statute it was brought, but it states the facts.

Appellant's counsel argue upon the assumption that his client was charged under Section 792 of the Revised Statutes.

The judge in sentencing the defendant declared that the jury had returned a verdict finding accused guilty under Act No. 44 of 1890, of cutting with a dangerous weapon with intent "to kill."

The charge itself as made was of having cut Alfred Jean with a dangerous weapon with intent to "murder."

The phraseology of the indictment is that of Section 791 of the Revised Statutes as amended and re-enacted by Act No. 43 of 1890. The punishment affixed as to follow from a conviction under the latter section, as amended for cutting with a dangerous weapon with intent to murder, as it reads, is "imprisonment with or without hard labor, for not more than three years;" that affixed for a conviction under Act No. 44 of 1890, for cutting with a dangerous weapon with intent to kill, as it reads, is "imprisonment with or without hard labor for not more than three years."

It will be seen that the punishment affixed is not necessarily "imprisonment at hard labor" but "imprisonment at hard labor or otherwise."

We are not authorized to expunge the words "or otherwise" from the law. Those words remaining leave the character of the imprisonment as to whether it should be at hard labor or not, discretionary. That may not have been the intention of the law makers, but they have expressed themselves in language so unambiguous as not to admit of judicial construction.

Under the terms of the indictment and of the law applicable to it, as framed, the charge was triable under the Constitution, by a jury of five.

The examination of the question submitted led to an examination by us, of all the statutes of the State covering "crimes against the person."

Among them our attention was attracted to Section 792 of the Revised Statutes and Act No. 59 of 1896 amending that section. *Section 792* prior to amendment read as follows: "Whoever shall assault

another by wilfully shooting at him, *or* with intent to commit murder, rape or robbery, shall on conviction thereof be imprisoned at hard labor not exceeding two years."

Under the amendment of 1896 to that section the punishment was changed to imprisonment at hard labor not more than twenty years.

It will be noticed that under the section originally and as amended the character of the imprisonment was fixed absolutely as imprisonment at hard labor; there was no discretion left with the court on that point.

Had the defendant in this action been indicted, not for cutting with a dangerous weapon, with intent to commit murder, but simply for "assaulting" Alfred Jean with intent to commit murder, and had he been found guilty, the character of the imprisonment to which he would have been sentenced under such a charge would, under Section 792 as amended, have been necessarily imprisonment *at hard labor*, and in view of that fact, defendant would have been entitled to a trial by a jury not of five but of twelve.

Now the actual cutting of a person with a dangerous weapon with intent to commit murder, is a much graver crime than a mere assault upon a person, with intent to commit murder, the assault not ending in an actual wounding without reference to the employment of a weapon, and yet we find, following the language of the law and the Constitution the graver crime triable by a jury of five and the far less serious one by a jury of twelve.

The party guilty of the lesser crime, if convicted, would have to be necessarily sentenced to the penitentiary at hard labor, while the one guilty of the higher crime, might possibly escape a sentence to hard labor, and by reason of this possibility he would be forced to submit to a trial by a jury of five.

However anomolous this situation may be, we are powerless, we think, to control it.

We find no reason to set aside the verdict or judgment.

The judgment is hereby affirmed.