(48 South. 160.)

No. 17,364.

STATE v. HILL.

(Jan. 4, 1909.)

1. CRIMINAL LAW (§§ 180, 200*) — FORMER JEOPARDY—DISTINCT OFFENSES.

The offense of "wilfully shooting at," denounced by section 792 of the Revised Statutes of 1870, and the offense of shooting with a dangerous weapon with intent to murder, denounced by section 791, are separate and distinct, subject to different possible penalties, and triable before different tribunals, and cannot serve as the basis of a plea of former jeopardy,

where on the former trial the jury was discharged from giving a verdict. Rev. St. § 1055.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 328, 392; Dec. Dig. §§ 180, 200.*]

2. CRIMINAL LAW (§ 1090*) — APPEAL — BILL OF EXCEPTIONS—NECESSITY.

A motion for a new trial cannot be made to serve the purpose of a bill of exception to the charge of the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2804; Dec. Dig. § 1090.*]

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John Stirling Boatner, Judge.

Charley Hill was convicted of shooting with intent to kill, and he appeals. Affirmed.

John Stirling Boatner, Jr., for appellant. Walter Guion, Atty. Gen., and Hugh Tullis, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

LAND, J. The defendant, charged with shooting with intent to murder, was convicted of shooting with intent to kill, and was sentenced to imprisonment at hard labor for one year. Defendant has appealed, and relies for reversal on the alleged error of the court below in overruling his plea of former jeopardy.

It appears from the record that the defendant was first charged with the crime of felonious assault on one Ed. Reynolds by willfully shooting at him. The defendant pleaded not guilty, and the trial proceeded before a jury of 12. After the evidence had been adduced and argument concluded, the district attorney, with leave of the court, entered a nolle prosequi, and the jury was discharged. On the same day the district attorney, with leave of the court, filed an information charging that the defendant did, with a dangerous weapon, to wit, a pistol, and with the felonious intent to murder, shoot one Ed. Reynolds.

Defendant filed a plea of former jeopardy based on his prosecution under the first bill

of information and the discharge of the jury, as already has been stated. This plea was overruled, and the defendant excepted to the ruling of the court.

The first information is under section 792, and the second information is under section 791, of the Revised Statutes of 1870.

Section 792 was enacted to punish assaults with intent to commit murder, rape, or robbery, or "by wilfully shooting at" with no particular felonious intent. The penalty was imprisonment at hard labor not exceeding 2 years. By Act No. 59, p. 93, of 1896, the section was amended so as to substitute 20 years.

Section 791 of the Revised Statutes of 1870 was enacted to punish perfected assaults by shooting, stabbing, thrusting with a dangerous weapon, with intent to commit murder, and the penalty was and is imprisonment at hard labor or otherwise, for not less than 1, nor more than 21, years. Under this section the punishment may be imprisonment in the parish jail, and the accused may be tried by a jury of five under article 116, Const. 1898. State v. Sinegal, 51 La. Ann. 932, 25 South. 957.

Under section 792 the penalty is necessarily imprisonment at hard labor, and the accused must be tried before a jury of 12 under article 116, Const. 1898. Under this section the accused can neither be tried nor convicted of shooting with intent to murder. State v. Matthews, 111 La. 962, 36 South. 48.

The two offenses, being separate and distinct, founded upon different laws, subject to different possible penalties, and triable before different tribunals, afford no basis for the plea of former jeopardy.

Assuming that the two prosecutions were based on the same evidence, the discharge of the jury from giving any verdict upon the former trial preserved the right of the state to prosecute for the offense shown to have been committed. Section 1055, Rev. St. 1870.

There was no exception taken at the time of the charge of the court to the jury as far as the record shows. A motion for a new trial cannot be made to serve the purpose of a bill of exception seasonably taken.

Judgment affirmed.