PROVO STY, J.
Under the impression that the offense of which the accused stood charged, to wit, a violation of section 791, Rev. St., was triable by a jury of 12, the court was proceeding to impanel a jury of thatynumber, and 5 jurors had been accepted and sworn, and 6 more had been sworn on their voir dire, and examined and accepted by the state, when it was discovered that the proper jury was one of 5 (State v. Sinegal, 51 La. Ann. 932, 25 South. 957; State v. Beebe, 53 South. 730),[1] whereupon the court ordered the 6 to stand aside, and the trial to proceed with the jury of 5. The bill of exception, after having stated the foregoing, proceeds as follows:
“■Whereupon counsel for the defense urged an objection to the withdrawal of the said jurors and the action of the court in ordering them to stand aside, which objection being overruled, counsel for defendant reserved this bill of exception.”
In support of this bill the learned counsel for the accused argues with some force that the entire jury should have been set aside, and the impaneling of the jury begun over again, as. the accused, otherwise, would not have been allowed a full opportunity for an intelligent and discriminating exercise of his right of peremptory challenges, since he might have bestowed his challenges more freely if he had known that only 5 jurors were to be chosen, and not 12. Unfortunately for that argument, it does not fit the bill of exceptions. It would fit if the objection, instead of having been to the withdrawal of the 6 new jurors, had been to the trial of the case by the 5 already sworn. The objection to the withdrawal of the new jurors was tantamount to an insistence that the case be tried by 12 jurors, for these 6 jurors had either to be withdrawn or sworn on the jury. There was no other way of disposing of them; and certainly the accused had no right to have the case tried by 12 jurors. The verdict of such a jury would have been void. State v. Beebe, 53 South. 730,[1] recently decided.
Judgment affirmed.

Ante, p. 493.