United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-30088
_____

UNITED STATES OF AMERICA
Plaintiff-Appellee

versus

STEVE STAPLETON
Defendant-Appellant

_____

Appeal from the United States District Court for
the Western District of Louisiana
_____
_____

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

In this appeal from an enhanced sentence, the question is whether the Louisiana crime of false imprisonment while armed with a dangerous weapon under LA. REV. STAT. ANN § 14:46.1(A) is a violent felony under either the Force Clause or the Otherwise Clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e).[1]  As interpreted by

---

[1] Mr. Stapleton also argues that the Sixth Amendment analysis from United States v. Booker applies such that the district court's sentence of 210 months is unconstitutional, as it is based on additional facts found by the district court regarding the qualifying nature of Stapleton's prior convictions, beyond the fact of their existence (which was found by the jury). The Supreme Court has held recidivist provisions like those in the Armed Career Criminal Act are neither substantive offenses nor elements thereof and thus the fact of a prior conviction need not be alleged in an indictment nor proven beyond a reasonable doubt. Almendarez-Torrez v. United States, 523 U.S. 224 (1998). This circuit has held that

1

the Louisiana Supreme Court, "with a dangerous weapon" means either (1) with a loaded pistol anywhere on the offender's person, whether displayed or concealed, or (2) with any other instrumentality, which, in the manner used is calculated or likely to produce death or great bodily harm.[2] We hold that the crime at issue is not a violent felony under the Force Clause because it is not a crime which necessarily has as an essential element the use, attempted use, or threatened use of physical force against the person of another. 18 U.S.C. § 924(e)(i).  But we hold that it is a violent felony under the Otherwise Clause, because it necessarily presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(ii). Accordingly, the defendant's enhanced sentence under the Armed Career Criminal Act is affirmed.

The Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), sets a minimum sentence of 15 years for an offender who "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" A violent felony is defined to include

> any crime punishable by imprisonment for a term exceeding
> one year...that--

---

no Sixth Amendment violation arises when a district court considers the nature of a prior conviction rather than presenting the question to a jury. United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002).

    [2]  State v. Gould, 395 So.2d 647, 655 (La. 1981); see also State v. Robinson, 404 So.2d 907, 912 (La. 1981).

2

(i[the Force clause]) has as an element the use, attempted use, or threatened use of physical force against the person of another;  or

(ii[the Otherwise clause]) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B).

LA. REV. STAT. ANN § 14:46 provides that: "False imprisonment is the intentional confinement or detention of another, without his consent and without proper legal authority." LA. REV. STAT. ANN 14:46.1(A) provides that "[f]alse imprisonment while armed with a dangerous weapon is the unlawful intentional confinement or detention of another while the offender is armed with a dangerous weapon." LA. REV. STAT. ANN § 14:2(3) provides that: "'Dangerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."

When La.R.S.14:2(3) is read only in light of the Reporter's Comments, it would appear that "dangerous weapon" refers only to an instrumentality used in a crime in a manner calculated or likely to produce death or great bodily harm.[3]  However, the Louisiana Supreme

---

[3] See LA. REV. STAT. ANN § 14:2 REPORTER'S COMMENT, 1997 Main Volume, which states:

'Dangerous weapon': This term has been broadly defined to include such things as gases, liquids or other substances which might be used in a manner which is likely to cause death or great bodily harm. The test as given in the article is not whether the weapon is inherently dangerous, but whether it is dangerous 'in the manner used.' This test was distinctly enunciated by the

Court, in State v. Gould, presumed that "[a] loaded pistol is undoubtedly a dangerous weapon irrespective of how used or exhibited." 395 So.2d 647, 655 (La. 1981). Construing the statute together with this premise, the Court decided that "[a] person robbing with a loaded pistol anywhere on his person, irrespective of whether used in a manner calculated or likely to produce death or great bodily harm, would surely qualify as one armed with a dangerous weapon." Id. But, the Court continued, "[o]ther instrumentalities, not inherently dangerous, are dangerous weapons only, as defined, when in the manner used they are calculated or likely to produce death or great bodily harm." Id.[4]

In the light of Gould and Robinson, we conclude that the Louisiana crime of false imprisonment with a dangerous weapon is not a violent felony under the Force Clause. A crime does not meet the

---

Louisiana Supreme Court in State v. Washington, 104 La. 443, 29 So. 55 (1900), where the court declared, 'Whether the weapon used by defendant was dangerous within the meaning of the statute was a question for the jury to determine upon considering not only the character of such weapon, but by whom, upon whom, and in what manner it was used.' Louisiana has held the following things to be dangerous weapons when used in a way likely to produce serious bodily injury, – 'iron bolt, rod or pin' State v. Lowry, 33 La.Ann. 1224 (1881); 'pocket knife' State v. Scott, 39 La.Ann. 943, 3 So. 83 (1887); 'ax' State v. Hertzog, 41 La.Ann. 775, 6 So. 622 (1889); 'a large piece of timber' State v. Alfred, 44 La.Ann. 582, 10 So. 887 (1892); 'razor' State v. Sinegal, 51 La.Ann. 932, 25 So. 957 (1899).

[4] See also, State v. Robinson, 404 So.2d 907, 912 (La. 1981) ("...it is not necessary that the robber actually display his weapon to the victim, if the robber is in fact armed with an inherently dangerous weapon, in order for the defendant to be shown to be guilty of armed robbery.")

4

requirements of the Force Clause if it can be committed without the use, attempted use, or threatened use of physical force. United States v. Martinez, 954 F.2d 1050, 1052 (5th Cir. 1992); See also, United States v. Montgomery, 402 F.3d 482, 486 (5th Cir. 2005) (holding that a Texas retaliation statute did not constitute a violent felony because the statute defined harm to include a range of results that covered more offenses than those resulting from the direction of physical force against another's person). The basic offense of false imprisonment in Louisiana does not necessarily involve the use, attempted use or threatened use of force by the offender in every case. That crime requires only that the offender intentionally confine or detain the victim without consent or legal authority. Thus, the non-consensual confinement of a person through deception or trickery may constitute false imprisonment even when the offender does not use, attempt to use or threaten to use force. Therefore, it follows that, because a loaded pistol is construed in Louisiana to be a dangerous weapon even when totally concealed on the culprit's person during the offense, the crime of false imprisonment with a dangerous weapon likewise can be committed with a hidden loaded pistol, without the use, attempted use or threatened use of physical force.

We conclude, however, that the defendant's conviction of false imprisonment with a dangerous weapon under Louisiana law does qualify as a violent felony under the Otherwise Clause. 18 U.S.C. § 924(e)(2)(B)(ii). The Otherwise Clause is triggered by conduct

5

creating a serious potential risk of physical harm to another, and we believe that such a risk is inherent in the commission of false imprisonment with a dangerous weapon under either prong of "dangerous weapon" recognized by the Louisiana Supreme Court in Gould and Robinson. When an offender commits the crime with a loaded pistol concealed on his person, there is a heightened likelihood of his very effective use of lethal force in response to resistance, interference, frustration, or fear of apprehension.[5] When an offender commits the offense using another type of instrumentality in a manner calculated to or likely to produce death or great bodily harm, there is a heightened likelihood of violence in the interaction between the offender and the non-consensually confined or detained victim or others put in fear of fatal or grievous consequences.[6] In

---

[5] Cf., United States v. Rodriquez, 925 F.2d 1049, 1052-3 (7th Cir. 1991) (The "ready availability" of undrawn weapons is likely to embolden offenders and place lives in jeopardy)(quoting then-Judge Kennedy, in United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985), analyzing whether conviction under 18 U.S.C. § 924(c)(1) qualifies as a violent felony, noting that the presence of a firearm may "embolden[] an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred") (further citing United States v. Ocampo, 890 F.2d 1363, 1371 (7th Cir.1989) and United States v. Alvarez, 914 F.2d 915, 919 (7th Cir.1990) ("Any victim of armed robbery will attest to the fact that, fired or not, the attacker's gun presented a substantial risk of the use of force.")).

[6] See State v. Bonier, 367 So.2d 824, 826 (La. 1979)("In making its determination [whether the instrumentality was used in the required manner], the jury may find that there was an actual likely danger of serious bodily harm to anyone present in the highly charged atmosphere of the scene of a robbery, taking into consideration the great possibility of violence in the interaction between the offender and the victim thereby put in fear for his life."); State v. Leak, 306 So.2d 737, 738-9 (La.1975)("[W]here an

either situation the magnitude of the potential harm and the heightened likelihood of its occurrence combine to create the type of danger contemplated by the Otherwise Clause.

Accordingly, we conclude that the offense at issue committed by the defendant in this case was correctly judged to be a violent felony and that his sentence was justifiably enhanced under the Armed Career Criminal Act. For these reasons, the judgment of the district court is AFFIRMED.

---

instrument[,an extension to a ratchet coupled with a socket used to simulate a firearm,] held by the culprit invites the forcible responses of the victim and/or bystanders and embraces the threat and capability that it will be used as a bludgeon, possibilities are presented that are '. . . likely to produce death or great bodily harm."); State v. Johnston, 20 So.2d 741, 744 (1945)("Usually in a situation of that kind the person so assaulted [with an unloaded revolver] attempts to escape, to wrest the gun from the assailant, or to deliver him some death dealing blow; and, in making any of these attempts, serious injury often results."); see also Hillie v.Maggio, 712 F.2d 182 (5th Cir. 1983).