**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40758

---

UNITED STATES OF AMERICA

      Plaintiff-Appellee

v.

ANDRE DAVIS

      Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas, Lufkin Division
--------------------

Before KING, DAVIS and BARKSDALE, Circuit Judges.

KING, Circuit Judge:

Defendant-appellant Andre Davis appeals his enhanced sentence, arguing that (1) his prior convictions for robbery under Texas Penal Code § 29.02 do not qualify as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and (2) the district court violated the Sixth Amendment by determining certain sentencing facts. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant-appellant Andre Davis pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This possession conviction arose out of robberies committed on October 3 and October 4, 2004. The district court sentenced Davis under the 2004 version of the

United States Sentencing Guidelines (the "Sentencing Guidelines") on May 6, 2005.  The district court adopted the recommendations from the presentence investigation report ("PSR").

The district court classified Davis's three prior robbery convictions under Texas Penal Code § 29.02 as violent felonies and subjected him to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[1]  Because the instant firearm possession offense was in connection with a robbery, Davis's offense level was thirty-four.  U.S. SENTENCING GUIDELINES MANUAL § 4B1.4(b)(3)(A).  After factoring in a three-level reduction for acceptance of responsibility, his total offense level was thirty-one.  In contrast, if Davis's sentence had not been enhanced under the ACCA, his total offense level would have been twenty-five.

Davis's offense level of thirty-one, combined with his criminal history category of VI, resulted in a guideline imprisonment range of 188 to 235 months.  The district court

---

[1]  The ACCA provides that

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and notwithstanding any other provision of the law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to conviction under section 922(g).

18 U.S.C. § 924(e)(1).  Section 4B1.4 of the Sentencing Guidelines implements the ACCA.

sentenced Davis to 188 months of imprisonment (slightly more than the fifteen year minimum required by the ACCA) and three years of supervised release and imposed a $100 special assessment. Davis filed a timely notice of appeal.

## II. VIOLENT FELONY ENHANCEMENT

Davis first argues that the district court erred in enhancing his sentence because his prior robbery convictions do not constitute violent felonies under the ACCA. Because Davis raised no objection to the enhancement in the district court, we review for plain error. See United States v. Ochoa-Cruz, 442 F.3d 865, 866 (5th Cir. 2006). Under this standard, "we may reverse only if '(1) there was error, (2) the error was clear and obvious, and (3) the error affected [the defendant's] substantial rights.'" See United States v. Garcia Abrego, 141 F.3d 142, 165 (5th Cir. 1998) (quoting United States v. Dupre, 117 F.3d 810, 817 (5th Cir. 1997)); FED. R. CRIM. P. 52(b). Even if these criteria are satisfied, reversal is discretionary; generally, we will reverse only if we conclude that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736 (1993) (quotation marks and brackets omitted) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)); Garcia Abrego, 141 F.3d at 166. The plain or obvious nature of the error is determined by the law as it exists at the time of appellate review, rather than at the time of the district court's ruling. Johnson v. United States, 520 U.S. 461, 468 (1997).

Under the first step of plain-error review, we consider

whether the court erred by enhancing Davis's sentence under the ACCA. Accordingly, we must determine whether a robbery under § 29.02(a) qualifies as a violent felony under the ACCA. The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B). Clause (i), is known as the force clause. The portion of clause (ii) following the enumerated offenses is known as the residual clause.[2]

Davis's three prior robbery convictions were all under the following Texas robbery statute:

> (a) A person who commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
>
> > (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
> >
> > (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PEN. CODE ANN. § 29.02.

When classifying a prior offense for enhancement purposes, we employ a categorical approach and look to the statutory definition of the prior offense rather than the defendant's

---

[2] The residual clause is also referred to by this circuit as the Otherwise Clause. See, e.g., United States v. Montgomery, 402 F.3d 482, 486-87 (5th Cir. 2005).

underlying conduct.  Shepard v. United States, 544 U.S. 13, 17 (2005); Taylor v. United States, 495 U.S. 575, 600 (1990). When determining whether a prior conviction satisfies the residual clause, we consider "whether the elements of the offense are of the type that would justify its inclusion within [that] provision without inquiring into the specific conduct of this particular offender."  James v. United States, 127 S.Ct. 1586, 1594 (2007).  Because we cannot look to the particular facts of this case, Davis's contention that his particular convictions do not qualify as violent felonies because he committed unarmed robberies fails.  See Taylor, 495 U.S. at 600.

The test articulated by James for determining whether an offense falls within the residual clause is "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." 127 S.Ct. at 1597.[3]  The way in which the Court applied this

---

[3]  The Court noted that:

> One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury-for example, an attempted murder where the gun, unbeknownst to the shooter, had no bullets, see United States v. Thomas, 361 F.3d 653, 659 (C.A.D.C. 2004).  Or, to take an example from the offenses specifically enumerated in § 924(e)(2)(B)(ii), one could imagine an extortion scheme where an anonymous blackmailer threatens to release embarrassing personal information about the victim unless he is mailed regular payments.  In both cases, the risk of physical injury to another approaches zero.  But that does not mean that the offenses of attempted murder or extortion are categorically nonviolent.

James, 127 S.Ct. at 1597.

test is instructive. The Court examined whether a conviction under a Florida attempted burglary statute which required "overt conduct directed toward unlawfully entering or remaining in a dwelling, with the intent to commit a felony therein, [was] 'conduct that presents a serious potential risk of physical injury to another.'" Id. at *8. The Supreme Court observed that "[t]he specific offenses enumerated in clause (ii) provide one baseline from which to measure" whether other offenses fit within the residual clause. Id. It compared the risk posed by attempted burglary to that of completed burglary, "its closest analog among the enumerated offenses." Id. The Court recognized that the main risk of burglary arises "from the possibility of a face-to-face confrontation between the burglar and a third party . . . who [came] to investigate" and held that attempted burglary under the Florida statute, which required overt conduct directed toward unlawfully entering or remaining in a dwelling, with the intent to commit a felony therein, posed a similar risk. Id. "Interrupting an intruder at the doorstep while the would-be burglar is attempting a break-in creates a risk of violent confrontation comparable to that posed by finding him inside the structure itself." Id.

The enumerated offenses in clause (ii) of § 924(e)(2)(B), however, merely provide a starting point in the inquiry of whether there is a serious risk for physical injury. "Nothing in the language of § 924(e)(2)(B)(ii) rules out the possibility that an offense may present 'a serious risk of physical injury to another' without presenting as great a risk as any of the

enumerated offenses." Id. at *11.

As instructed by the Supreme Court, we look to the elements of the Texas robbery statute and ask whether the conduct encompassed by those elements, in the ordinary case, presents a serious potential risk of injury to another. The elements of robbery are: (1) a person, (2) in the course of committing theft, (3) with the intent to obtain or maintain control of property, (4) intentionally, knowingly, or recklessly causes bodily injury to another, or (5) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PEN. CODE ANN. § 29.02; Nelson v. State, 848 S.W.2d 126, 131 (Tex. Crim. App. 1992); Castillo v. State, 865 S.W.2d 89, 92 (Tex. App.–Corpus Christi 1993, no pet.). The defining feature of robbery under the Texas statute is the actual or threatened assaultive conduct. See Purser v. State, 902 S.W.2d 641, 647 (Tex. App.–El Paso 1995, pet. ref'd) (stating "[t]he gravamen of robbery is the assaultive conduct, and not the theft."). The theft need not even be completed because the "in the course of committing theft" element allows conduct "which occurs in an attempt to commit, during commission, or in immediate flight after the attempt or commission of theft" to constitute robbery. Id. Robbery may also be completed without a weapon. Id. Texas courts have held that the statement "I've got a gun" - even if false - satisfies the requirement to threaten or place in fear of imminent bodily injury or death. Robinson v. State, 817 S.W.2d 822, 824 (Tex. App.–Fort Worth 1991, pet. ref'd).

To commit robbery, an individual must interact with the victim in order to cause bodily injury or place the victim in fear of it.  See TEX. PEN. CODE ANN. § 29.02.[4]  Such interaction to take another's property creates a serious potential risk of a violent confrontation between the robber and the victim.  This in turn, in the ordinary case, presents a serious potential risk of physical injury to another.[5]

Davis argues that because conviction under the statute does not require the use of a weapon, the inherent danger to another in an unarmed robbery is not so great as to satisfy the residual clause.  He contrasts the instant case with United States v. Stapleton, 440 F.3d 700, 703 (5th Cir.), cert. denied, 126 S. Ct. 2913 (2006), in which this court held that the offense of false imprisonment with a dangerous weapon under Louisiana law constitutes a violent felony under the residual clause.  In Stapleton, the court focused on the "heightened likelihood of violence in the interaction between the offender and the . . . victim or others" associated with a dangerous weapon.  Id.

Even when the robber has no weapon, the very real possibility of confrontation between the robber and victim creates a serious potential risk of injury.  Davis's argument that the presence of a weapon is the defining factor for violent

---

[4]  Bodily injury is defined as "physical pain, illness, or any impairment of physical condition."  TEX. PEN. CODE ANN. § 1.07(a)(8).

[5]  As noted in James, the categorical approach does not require that "every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony."  127 S.Ct. at 1597.

felonies is undercut by James itself (in which the use or absence of a weapon was irrelevant) and by other cases in which the absence of a weapon was not a relevant consideration.  See 127 S.Ct. 1586.  This court held that a Texas statute that made it a crime to entice, allure, persuade, or invite, or attempt to do any of those, any child under fourteen years of age, for the purpose of proposing sodomy, fell within the residual clause because it concerned "potential, if not immediate, risk of physical injury to children as a direct result of attempts to entice them to, inter alia, sexual acts."  United States v. Williams, 120 F.3d 575, 579 (5th Cir. 1997).  Williams relied on United States v. Velazquez-Overa, which held that when an older person attempts to sexually touch a younger child, "'there is always a substantial risk that physical force will be used to ensure the child's compliance.'"  Id. (relying on United States v. Velazquez-Overa, 100 F.3d 418, 422 (5th Cir. 1996)).  Similarly, in a robbery, there is always a substantial risk that force will be used to ensure the victim's compliance with the robber's demands.  This risk is what distinguishes robbery from theft.  See United States v. Santiesteban-Hernandez, 469 F.3d 376, 380 (5th Cir. 2006); see also WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 20.3 intro., (d)(2) (2d ed. 2003).

Because a violation of the Texas robbery statute poses a substantial risk of violent confrontation, there is a substantial risk that physical injury will result.  Accordingly, the offense qualifies as a violent felony under the residual clause of § 924(e), and the district court did not err, let

alone plainly err, in enhancing Davis's sentence under the ACCA.

### III. SIXTH AMENDMENT

Davis next argues that the district court violated the Sixth Amendment when it relied on the PSR and evidence of his prior convictions (the charging instruments and the judgments) to determine that the prior convictions were violent felonies and that the crimes were committed on different occasions from one another.  In support, he cites United States v. Booker, 543 U.S. 220 (2000), and Apprendi v. New Jersey, 530 U.S. 466 (2000), and he argues that Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), should be reconsidered.  As Davis concedes, review is for plain error; Davis raised no objection to the use of the evidence of his prior convictions in determining his sentence.

In Apprendi the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  This circuit has stated that "[i]n so holding, however, the Court explicitly excepted enhancements like that provided by Section 924(e), which are based upon prior convictions."  United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002).  The holding in Stone is premised on Almendarez-Torres, in which the Court held that Congress could treat recidivism as a sentencing factor rather than an element of the offense when codifying the penalties for a violation of 8 U.S.C. § 1326(a).  523 U.S. at 247.  The Court in Apprendi explicitly refrained from overruling Almendarez-Torres.

<u>Apprendi</u>, 530 U.S. at 489-90.  Further, in <u>James</u> the Court held that by applying the categorical approach to determine if a defendant's prior conviction is a violent felony, the court avoids any inquiry into the underlying facts of the defendant's particular offense and engages in statutory interpretation, not judicial factfinding.  127 S.Ct. at 1600.  Accordingly, it was not error for the district court to determine that Davis's prior robbery convictions were violent felonies committed on occasions different from one another.

## IV. CONCLUSION

Davis's guilty-plea conviction and the sentence imposed are AFFIRMED.