**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-10912
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAYMOND SNEED

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-150-1

Before GARZA, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Raymond Sneed appeals the sentence imposed following his guilty plea conviction for possession of a firearm by a convicted felon. Sneed argues that the district court erred by determining that he was an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Sneed maintains that neither his prior Texas conviction for evading arrest or detention using a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vehicle nor his prior Texas conviction for assault on a public servant qualify as violent felony convictions under the ACCA.

As Sneed acknowledges, his prior convictions for robbery and aggravated assault counted as two violent felony convictions under the ACCA. *See United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007); *United States v. Martinez*, 962 F.2d 1161, 1168-69 (5th Cir. 1992). Sneed's prior conviction for evading arrest or detention using a vehicle is also a violent felony conviction under the ACCA. *See United States v. Harrimon*, __ F.3d __, No. 08-10690, 2009 WL 1332088 at *1-*5 (5th Cir. May 14, 2009). Accordingly, Sneed has three prior violent felony convictions, and the district court did not err by determining that Sneed was an armed career criminal under the ACCA. *See* § 924(e)(1). We do not reach Sneed's argument that his prior conviction for assault on a public servant did not qualify as a violent felony conviction under the ACCA.

AFFIRMED.