# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2020

Lyle W. Cayce
Clerk

No. 19-60463
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD BRIAN WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:

Richard Brian Williams, who pleaded guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), appeals the enhancement of his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He argues that he could not be sentenced under the ACCA because 18 U.S.C. § 924(a)(2), not § 924(e), was charged in the indictment. He also argues that his 2008 Mississippi robbery conviction does not constitute a violent felony conviction under the ACCA. He concedes that his arguments are contrary to our precedent, but he wishes to preserve the issues for further review.

No. 19-60463

We review a legal challenge to an ACCA-enhanced sentence de novo. *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006). Williams's argument that the district court erred in sentencing him under the ACCA because § 924(e) was not cited in the indictment is unavailing. The plain language of § 924(e) mandates that the ACCA "shall" apply when the noted prerequisites are met. § 924(e); *see Arlington Cent. Sch. Dist. Bd. of Ed. v. Murphy*, 548 U.S. 291, 296 (2006). Moreover, Williams was "not entitled to any formal notice of the possibility of an enhanced sentence under the ACCA other than that required by due process," and the presentence report provided adequate notice to Williams of the Government's intent to seek an ACCA-enhanced sentence. *United States v. Howard*, 444 F.3d 326, 327 (5th Cir. 2006); *see also United States v. Stapleton*, 440 F.3d 700, 701 n.1 (5th Cir. 2006) ("The Supreme Court has held recidivist provisions like those in the Armed Career Criminal Act are neither substantive offenses nor elements thereof and thus the fact of a prior conviction need not be alleged in an indictment nor proven beyond a reasonable doubt." (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 118 (1998))).

Williams also argues that Mississippi robbery is not a violent felony under the ACCA's elements clause because it can be committed by putting someone in fear of immediate injury and because it can be committed by poisoning. *See* § 924(e); MISS. CODE ANN. § 97-3-73 (2008). We reject these arguments in light of our prior rulings in this area and Williams's failure to cite Mississippi case law that establishes a realistic probability that Mississippi courts would apply the robbery statute to conduct that does not involve "the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i); *see United States v. Reyes-Contreras*, 910 F.3d 169, 173, 181-87 (5th Cir. 2018) (en banc); *United States v. Brewer*, 848 F.3d 711, 715-16 (5th Cir. 2017).

No. 19-60463

AFFIRMED.