United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41156
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN PINEDA-ARRELLANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

By EDITH H. JONES, Chief Judge:

Agustin Pineda-Arrellano ("Pineda") appeals his guilty plea conviction and sentence for illegal reentry. Pineda argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), because the courts treat a defendant's prior felony conviction as a statutory ground for a sentencing enhancement rather than as an element of the offense, which, pursuant to the Sixth Amendment, should be presented to the jury. Pineda's case is one of hundreds, if not thousands, in this circuit in which counsel have raised this

constitutional challenge.  We take this opportunity to state that this issue no longer serves as a legitimate basis for appeal.

Pineda makes the familiar contention that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235, 118 S. Ct. 1219 (1998), was incorrectly decided and that a majority of the Supreme Court would overrule it in light of the subsequent decision in <u>Apprendi</u>. We have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding precedent until and unless it is officially overruled by the Supreme Court.  <u>See, e.g.</u>, <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005).  Pineda properly concedes that his argument is foreclosed by <u>Almendarez-Torres</u> and circuit precedent, but he nevertheless raised it as his sole appellate issue to preserve it for Supreme Court review.

This court has patiently entertained the identical argument in countless cases.  Now, however, a majority of the Supreme Court has reaffirmed <u>Almendarez-Torres</u> in <u>James v. United States</u>, __ U.S. __, 127 S. Ct. 1586 (2007), stating that "we have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes."  <u>Id.</u> at __, 127 S. Ct. at 1600 n.8 (citing <u>Almendarez-Torres</u>).  Because the Supreme Court treats <u>Almendarez-Torres</u> as binding precedent, Pineda's argument is fully foreclosed from further debate.  That <u>James</u> interpreted the Armed Career Criminal Act is not a distinguishing feature from the illegal reentry statute under which this appellant was convicted, because both statutes enhance a defendant's punishment on account

2

of certain prior felony convictions. Moreover, the Supreme Court's acknowledgment in footnote eight that James stipulated to a prior offense does not detract from the force of its simultaneous reliance on Almendarez-Torres. We lower courts are not empowered to deconstruct such clear statements of governing authority by the Supreme Court. See also United States v. Grisel, __ F.3d __, 2007 WL 1599009, at *1 (9th Cir. June 5, 2007) (en banc) (noting that Almendarez-Torres has never been overruled but has been applied repeatedly by the Supreme Court, most recently in James); United States v. Davis, __ F.3d __, 2007 WL 1438490, at *4 (5th Cir. May 17, 2007) (noting, after James, that the Apprendi Court "explicitly refrained from overruling Almendarez-Torres").

The dissent takes issue with our view that James has closed the book on reconsideration of Almendarez-Torres. The Supreme Court's decision is hardly surprising, however. Despite the dissent's overstated claim that we are denying future defendants their appeal rights, few issues have less merit for a defendant than the potential overruling of Almendarez-Torres — and defense counsel are well aware of this. If Almendarez-Torres were overruled based on Apprendi, prior felony crimes that could serve as the basis for sentence enhancements would have to be proven to a jury beyond a reasonable doubt. No defendant wants such an issue before the jury! The carefully drafted restrictions on evidentiary admission of prior offenses (FED. R. EVID. 404(b)) emphasize the inherent prejudice in placing a defendant's criminal record before

3

a jury.  Justice Stevens acknowledged these realities when, pre-James, he stated that his disagreement with Almendarez-Torres "is not a sufficient reason for revisiting the issue":

> The denial of a jury trial on the narrow issues of fact concerning a defendant's prior conviction history . . . will seldom create any significant risk of prejudice to the accused.  Accordingly, there is no special justification for overruling *Almendarez-Torres*.  Moreover, countless judges in countless cases have relied on *Almendarez-Torres* in making sentencing determinations.  The doctrine of *stare decisis* provides a sufficient basis for the denial of certiorari in these cases.

Rangel-Reyes v. United States, -- U.S. --, 126 S. Ct. 2873, 2874 (2006)(statement of Justice Stevens respecting the denial of petition for writ of certiorari).

One might ask, then, why so many defendants in this circuit have pursued reconsideration of Almendarez-Torres.  Probably because, like the mountain, it's there, and it doesn't fit with the logic of Apprendi.  Defense counsel may also perceive some marginal tactical benefit in placing any roadblock in the way of expeditious conviction or punishment.  No matter what the underlying rationale may have been for challenging Almendarez-Torres "to preserve the issue for further review," it is time to admit that the Supreme Court has spoken.  In the future, barring new developments in Supreme Court jurisprudence, arguments seeking reconsideration of Almendarez-Torres will be viewed with skepticism, much like arguments challenging the constitutionality

of the federal income tax.[1]  It would be prudent for appellants and their counsel not to damage their credibility with this court by asserting non-debatable arguments.

Based on the foregoing, Pineda's conviction and sentence are **AFFIRMED.**

---

[1]    Who doubts that if, instead of receiving hundreds of <u>Almendarez-Torres</u> briefs each year, this court received a similar number of income tax protestor appeals, we would hesitate to limit these meritless filings?

DENNIS, Circuit Judge, concurring in affirming the conviction and sentence only.

I concur only in the majority's holding that this court is bound by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and that Mr. Pineda's conviction and sentence are affirmed. I emphatically do not join the majority's various statements regarding the continued validity of <u>Almendarez-Torres</u>, including especially its assertion that "this issue no longer serves as a legitimate basis for appeal." <u>See</u> <u>supra</u> at 3. The majority's language amounts only to a dictum that exceeds the authority of this court and conflicts with decisions of the Supreme Court.

**I.**

The majority's statement that challenges to <u>Almendarez-Torres</u> "no longer serve[] as a legitimate basis for appeal" is plainly a dictum, rather than a decision that establishes binding circuit precedent forbidding the filing of such appeals and arguments. The majority's holding simply affirms Mr. Pineda's conviction and sentence based on <u>Almendarez-Torres</u> and thus adds no new precedent. The majority's statements regarding future appeals challenging <u>Almendarez-Torres</u> are matters not resolved or determined in its holding and therefore amount only to dictum. In other words, the parties in the present case did not join issue on, and the majority

did not decide, whether Mr. Pineda could appeal or argue for reconsideration of Almendarez-Torres. In fact, Mr. Pineda did appeal and make an argument in brief on that issue. Furthermore, the government did not object or contest his right to do so; neither did the majority disallow his appeal or argument. Instead, the majority opinion acknowledges that he made the argument in order to preserve his right to ask for relief if the Supreme Court overrules Almendarez-Torres. Thus, the majority's dictum statement referring to the legitimacy of future appeals that seek to overrule Almendarez-Torres is an independent part of the majority opinion that does not affect Mr. Pineda's case in any way. Rather, the majority, without being requested to do so, simply uses this case as a convenient vehicle within which to express its opinion on a matter not resolved or determined by its holding, that is, to announce its dictum opinion as to the validity of future Almendarez-Torres challenges.

## II.

Moreover, the question of whether we will allow or consider appeals seeking reconsideration of Almendarez-Torres in the future is beyond this court's power to determine, because neither the Constitution nor the Congress has vested us with the plenary discretion to choose in advance the kinds of arguments and appeals

7

that we will allow or consider.[1]  To the contrary, federal law has made an appeal from a district court's judgment of conviction in a criminal case what is, in effect, a matter of right.  Coppedge v. United States, 369 U.S. 438, 441 (1962)(citing 28 U.S.C. §§ 1291, 1294; Fed. R. Crim. P. 37(a)); cf. Carroll v. United States, 354 U.S. 394, 400-401 (1957)).[2]  Thus, a defendant in a federal criminal case has a right to have his conviction and sentence reviewed by a Court of Appeals, and need not petition that court for an exercise of its discretion to allow him to bring the case before the court.  Coppedge, 369 U.S. at 442; see also Atilus v. United States, 406 F.2d 694, 697 (5th Cir. 1969) ("[E]very convicted person has an absolute right to an appeal.").  The only requirements a defendant must meet for perfecting his appeal are those expressed as time limitations within which various procedural steps must be completed.[3]  Id.

---

[1]  Even the Supreme Court, which might have that power, has not to my knowledge issued such a peremptory order. Certainly, it has not with respect to appeals challenging Almendarez-Torres.

[2]  Section 3742(a), Title 28, U.S.C., establishes a similar right with regard to appeals from the judgment of sentence. Koon v. U.S., 116 S.Ct. 2035, 2045-2048 (1996); see also Charles A. Wright, et al., 15B Federal Practice & Procedure § 3918.8, p. 573 & n.1 (2007).  In the Fifth Circuit, we have held that our jurisdiction to review sentencing issues derives from both statutes. United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

[3]  "First, a timely notice of appeal must be filed in the District Court to confer jurisdiction upon the Court of Appeals over the case." Coppedge, 369 U.S. at 442 n.3 (citing Fed. R. Crim. P. 37(a); United States v. Robinson, 361 U.S. 220 (1960).  "Subsequently, designations of the transcript, a record on appeal and briefs must be filed in the appropriate forum." Coppedge, 369 U.S. at 442 n.4 (citing Fed. R. Crim. P. 39(c)) (record on appeal to be docketed in Court of Appeals within 40 days of filing of notice of appeal).

The majority does not cite, and I have been unable to find, any statute authorizing a federal Court of Appeals to issue an advisory in advance of filings that it will, in the future, view with disfavor a certain kind of appeal or argument by a defendant in a federal criminal case. Accordingly, the majority has, in my opinion, assumed a sweeping preemptive and discretionary power that neither the Constitution nor the Congress has vested in this court.

This conclusion is confirmed by the fact that Congress has, under the in forma pauperis law, 28 U.S.C. § 1915, given federal courts narrowly defined authority to dismiss a case only after it has been filed, and only if the court determines that a statutorily specified grounds for dismissal exists, e.g., that the action or appeal is frivolous or malicious. In particular, 28 U.S.C. § 1915(e)(2) provides that a federal court shall dismiss a case at any time if it determines that "(A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).[4] Thus, under § 1915(e)(2), a federal court is authorized and required to dismiss the case only after making an individualized determination that one of the statutory grounds for dismissal exists in that particular

---

[4] It is also worth noting that § 1915(g), known as the three-strike rule, applies only to a prisoner bringing a civil action or appealing a judgment in a civil action or proceeding and therefore has no bearing on the dismissal of criminal appeals.

9

case. Consequently, neither § 1915(e)(2) – nor any other authority – empowers a federal court of appeals to do what the majority, in effect, does here, that is, to proclaim that, in the future, all criminal defendants should not appeal or present argument on a particular issue of substantive law.

Moreover, the majority's dictum today does what the Supreme Court has expressly said we may not do – presume to decide for the Court an issue that is exclusively within its prerogative. That is, instead of simply deciding as we have in the past that we are bound by Almendarez-Torres as an exception to the principle of Apprendi until the inconsistency is squarely addressed and resolved by the Supreme Court, the majority undertakes to treat Almendarez-Torres's validity as inarguable as if it had been declared stare decisis. Such an approach is overambitious: as Justice Thomas has recently observed, it falls to the Supreme Court, and only the Supreme Court, to resolve the issue. See Rangel-Reyes v. United States, 126 S.Ct. 2873, 2874 (2006) (dissent from denial of certiorari) ("The Court's duty to resolve this matter is particularly compelling, because we are the only court authorized to do so.").

The majority's reliance upon unspecified and uncited federal income tax collection cases is badly misplaced. Even assuming that the majority's unnamed cases were decided correctly, it is difficult to see how, as civil cases, they could be authority for

10

the majority's peremptory disallowance of federal criminal appeals of right. At stake in every serious criminal case

> are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without due process of law, Amdt. 14, and the guarantee that [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury, Amdt. 6. Taken together, these rights indisputably entitle a criminal defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.

Apprendi v. New Jersey 530 U.S. 466, 476-77 (2000)(citing United States v. Gaudin, 515 U.S. 506, 510 (1995); Sullivan v. Louisiana, 508 U.S. 275, 278 (1993); In re Winship, 397 U.S. 358, 364 (1970)) (footnote and internal quotations omitted). The majority doesn't even try to explain how the anonymous civil tax collection cases to which it refers are in anyway apposite.

### III.

For the foregoing reasons, I respectfully suggest that the majority should withdraw its misguided dictum. If the majority chooses to publish the dictum, however, government attorneys and defense counsel should not take it as having any legal or precedential effect upon proceedings within the context of 28

U.S.C. § 1915 for several reasons[5]: (1) this case is not subject to the <u>in forma pauperis</u> rules of 28 U.S.C. § 1915 because Mr. Pineda did not proceed <u>in forma pauperis</u> here; (2) neither party has raised, briefed or even mentioned the subject of frivolousness under § 1915 in this case; and (3) the majority did not consider, address, or even mention the subject of frivolousness in its opinion. Indeed, the majority affirmed Mr. Pineda's conviction and sentence on the merits, rather than dismissing his appeal in this case. Finally, as discussed above, the majority's dictum is apparently based on the misguided notion that we have discretionary power, similar to that of the Supreme Court, to grant or deny what are, in effect, appeals of right in federal criminal cases according to our own standards and reasons, rather than those provided by Congress and the Supreme Court.

Moreover, if this court is called upon to decide whether it is frivolous under 28 U.S.C. § 1915 for a defendant in a particular federal criminal case to appeal his conviction or sentence based solely on an argument to overrule <u>Almendarez-Torres</u> as

---

[5] Contrary to the majority's misreading, I do not merely disagree with the majority on whether <u>James</u> "closed the book" on reconsideration of <u>Almendarez-Torres</u>. Rather, as the two preceding sections make clear, I disagree with the majority's unauthorized attempt to predict what the Supreme Court will do in respect to <u>Almendarez-Torres</u> and even more strongly with the majority's <u>ultra vires</u> statements discouraging appeals of right fully authorized by Congressional acts. In this part of my analysis, I address only the possible misguided motions to dismiss appeals as frivolous under 28 U.S.C. § 1915 that may be filed in response to the majority's dictum and <u>ultra vires</u> statements. Until the <u>Almendarez-Torres</u> issue is squarely addressed by a Supreme Court majority, I believe there is a rational, non-frivolous basis to appeal and challenge the holding in that case. Unlike, the majority, I do not presume to make book on future Supreme Court decisions.

intrinsically in conflict with Apprendi and other cases, we must decide according to the governing rules and standards established by the Supreme Court precedents. Under those principles, frivolousness does not depend on the likelihood of the appellant's success but on whether the appellant's argument has a rational basis in law and fact. As the Supreme Court stated in Coppedge,

> Since our statutes and rules make an appeal in a criminal case a matter of right, the burden of showing that that right has been abused through the prosecution of frivolous litigation should, at all times, be on the party making the suggestion of frivolity. It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts.

Coppedge, 369 U.S. at 447-448.(emphasis added).

Further, in Anders, 386 U.S. at 744, the Supreme Court stated that an appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." Also, in Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court had occasion to construe the meaning of "frivolous" under former § 1915(d). The Court began by noting that "[t]he Courts of Appeals have, quite correctly in our view, generally adopted as formulae for evaluating

13

frivolousness under § 1915(d) close variants of the definition of legal frivolousness which we articulated in the Sixth Amendment case of Anders v. California." Neitzke, 490 U.S. at 325. The Neitzke Court went on to state that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Id. at 325. The Court observed that the in forma pauperis statute "accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory." Id. at 328.

If and when we are confronted with a motion to dismiss an individual appeal challenging Almendarez-Torres as frivolous under 28 U.S.C. § 1915 (e)(B)(i), we will be required to decide the question by applying the principles established by the Supreme Court. Thus, the issue in such a case will probably hinge on whether the argument to overrule that challenge or argument is based on an "indisputably a meritless legal theory," "lack[s] an arguable basis...in law," and is altogether not a "rational argument." In deciding such a case we are required to bear in mind that a tie must go to the appellant, because "our statutes and rules make an appeal in a criminal case a matter of right, [and] the burden of showing that that right has been abused through the prosecution of frivolous litigation should, at all times, be on the party making the suggestion of frivolity." Coppedge, 369 U.S. at 447-48.

14

It is, of course, not appropriate to decide here whether an argument to overrule Almendarez-Torres can be declared frivolous under 28 U.S.C. § 1915, because this case does not present that question and we have not considered any briefs or oral argument on the subject. But it should be pointed out generally, however, that frivolousness will not turn on the appellant's likelihood of ultimate success or on the odds against the Supreme Court overruling its challenged precedent, but on whether it is possible to make a rational argument for its reconsideration, overruling or limitation. If likelihood of ultimate success by an individual litigant in the Supreme Court were the criterion, Courts of Appeals could dismiss as frivolous substantial portions of their dockets, in light of the small chance that certiorari will be granted and result in a decision in any given case. Put in that light, an argument that the Supreme Court should reconsider Almendarez-Torres does not on its face appear to be irrational or an indisputably meritless legal theory.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the three blocs of Justices argued for three conflicting rationales. Justice Stevens, writing the controlling plurality opinion joined in by Justices Ginsburg and Souter, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In doing

15

so, he expressly let stand the Court's decision in Almendarez-Torres, "[e]ven though it is arguable that [it] was incorrectly decided," and that it was inconsistent with the main underlying principle of its decision.[6]

Justice Thomas, for himself and Justice Scalia, joined the opinion of the Court but wrote separately to explain his view that "the Constitution requires a broader rule than the Court adopts." Id. at 498. The broader rule espoused by Justices Thomas and Scalia is the same principle underlying Justice Stevens's holding without the exception allowing Almendarez-Torres to stand. "[T]his traditional understanding-that a "crime" includes every fact that is by law a basis for imposing or increasing punishment-continued well into the 20th-century, at least until the middle of the century....Today's decision, far from being a sharp break with the past, marks nothing more than a return to the status quo ante-the status quo that reflected the original meaning of the Fifth and Sixth Amendments." Id. at 517.

A third view was expressed by the dissenters: Chief Justice Rehnquist, and Justices O'Connor, Kennedy, and Breyer. Their view was that the majority's opinions were inconsistent with the Court's

---

[6]    Even though it is arguable that Almendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset. Given its unique facts, it surely does not warrant rejection of the otherwise uniform course of decision during the entire history of our jurisprudence. Id. at 489-89 (footnote omitted).

16

precedents and that given its "previous approval of — and the significant history in this country of — discretionary sentencing by judges, it is difficult to understand how the Fifth, Sixth, and Fourteenth Amendments could possibly require the Court's . . . rule." Id. at 544.

Thus, the Justices in Apprendi divided according to their three conflicting but rational viewpoints as to the proper interpretation of the Constitutional requirements of a jury trial and proof beyond a reasonable doubt.  The logical or rational disconnect between the holding in Almendarez-Torres and the basic underlying principles of Apprendi and subsequent cases were clear in the Justices' opinions and cannot be denied.  As late as 2005, Justice Thomas repeated his view that Almendarez-Torres "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided."  Shepard v. United States, 544 U.S. 13, 27 (2005).

Indeed, no justice has ever argued that the two decisions are based on intrinsically compatible rationales or that they can be reconciled logically in any principled way.  Justice Stevens recently indicated, in the context of denying certiorari, that he continued to see the two decisions as being in conflict but that he might vote to uphold Almendarez-Torres based on the doctrine of stare decisis.  Rangel-Reyes v. United States, 126 S.Ct. 2873, 2874

17

(2006).  Justice Thomas, on the same subject, argued forcefully that Almendarez-Torres should be overruled:

> The Court's duty to resolve this matter is particularly compelling, because we are the only court authorized to do so.  See State Oil Co. v. Khan, 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997) ("[I]t is this Court's prerogative alone to overrule one of its precedents."). And until we do so, countless criminal defendants will be denied the full protection afforded by the Fifth and Sixth Amendments, notwithstanding the agreement of a majority of the Court that this result is unconstitutional.

Id.

Consequently, it is not unreasonable or irrational to contend that since only the Supreme Court can resolve the Almendarez-Torres/Apprendi conflict in principle, there will continue to be a rational basis for arguing for or against the viability of Almendarez-Torres until that conflict has been squarely addressed and resolved by overruling Almendarez-Torres, declaring it stare decisis, or overruling Apprendi. Each view was rationally argued by the Justices in Apprendi and can still be so argued by  litigants in criminal cases.  We need go back only a month or so in the Supreme Court's recently ended term to see that even long standing precedents can yield to rational but unlikely-to-succeed arguments, and that the incidence of these waxes with each change in the

18

court's composition, which in our world of mortals can occur at any time.

Our previous panels have held consistently that the argument for reconsidering and correcting Almendarez-Torres is not frivolous under 28 U.S.C. § 1915. In United States v. Cervantes-Garcia, 260 F.3d 621 (2001) (unpublished, per curiam), the government moved for dismissal inasmuch as the Appellant had raised as his sole issue an argument controlled by Almendarez-Torres. Indeed, the appellant did not claim otherwise; he conceded that Almendarez-Torres was the controlling authority and foreclosed his argument. Nonetheless, he raised the argument to protect his right to further review. After careful consideration, we rejected the government's argument that the claim was frivolous under 28 U.S.C. § 1915. We pointed out that

> a member of the Supreme Court that decided Almendarez-Torres has indicated in a related case that the decision in Almendarez-Torres was mistaken. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2367-80 (2000)(Thomas, J., concurring). Almendarez-Torres was decided by a 5-4 vote with Justice Thomas a part of the majority.

Cervantes-Garcia, 260 F.3d at 621. For those reasons we held that "we reject the contention that Appellant's appeal is frivolous;" we also rejected the government's motion to dismiss on those grounds. Id. Instead, we simply concluded that "because it is unmistakably

19

clear that Almendarez-Torres controls the disposition of the case and we are bound thereby, we summarily affirm the judgment of the district court in lieu of dismissal of Appellant's appeal." Id. Since then, we have consistently held only that Almendarez-Torres issues are foreclosed on appeal, frequently acknowledging, when we do so, that the issue is being raised on appeal only to preserve it. See United States v. Iniguez-Barba, 485 F.3d 790, 790 n.1 (5th Cir. 2007) ("As [the defendant] properly concedes, this argument is foreclosed . . . , and he raises the argument only to preserve it."); United States v. Ramos-Sanchez, 483 F.3d 400, 404 (5th Cir. 2007) ("[T]he Supreme Court rejected this argument in Almendarez-Torres v. United States, which we are obligated to follow.").

Thus, considered in this perspective, the dictum in footnote 8 of the Supreme Court's majority opinion in James v. United States, ___ U.S. ____, 127 S.Ct. 1586 (2007) plainly does not squarely address or resolve the conflict between Almendarez-Torres and the Apprendi line of case law. The James footnote, in its entirety, states:

> To the extent that James contends that the simple fact of his prior conviction was required to be found by a jury, his position is baseless. James admitted the fact of his prior conviction in his guilty plea, and in any case, we have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes.

20

> Almendarez-Torres v. United States, 523 U.S. 224, 118
>
> S.Ct. 1219, 140 L.Ed.2d 350 (1998).

127 S.Ct. at 1600, n. 8.

The majority here reads the last phrase of the second sentence of footnote 8 in isolation and incorrectly treats it as a holding in the case.[7] Instead, it is dictum. James's central holding was that the Florida attempted burglary was a "violent felony" under ACCA. Whether Almendarez-Torres should be overruled or continued as an exception to the Apprendi principle was not at issue in James. The reference in footnote 8 to Almendarez-Torres was unnecessary because James's position was "baseless" anyway due to his having admitted his prior conviction charged as an element of his indictment in his guilty plea.

Moreover, because the survival of Almendarez-Torres was not at issue in James, its opponents, Justices Scalia and Thomas, and its proponents, Justices Stevens, Ginsburg and Souter, had no reason to agree or disagree with the insignificant, peripheral dictum of footnote 8.(four of these five Justices dissented from the main holding in James and thus had no reason to take issue with matters

---

[7] The majority also relies on two recent Circuit decisions as support: United States v. Grisel, __ F.3d __, 2007 WL 1599009, at *1 (9th Cir. June 5, 2007) (en banc) (noting that Almendarez-Torres has never been overruled but has been applied repeatedly by the Supreme Court, most recently in James); and United States v. Davis, __ F.3d __, 2007 WL 1438490, at *4 (5th Cir. May 17, 2007) (noting, after James, that the Apprendi Court "explicitly refrained from overruling Almendarez-Torres"). The majority takes these holdings as standing for clear acknowledgment that the Supreme Court will never revisit Almendarez-Torres. I cannot agree. These cases stand, rather, for the unremarkable principle that, until such time as the Supreme Court does reconsider the issue, we are bound to follow Almendarez-Torres as good law.

21

peripheral to it).  These five Justices, who made up the Apprendi majority, are the only ones who care strongly about whether Almendarez-Torres continues as an exception in Apprendi.  The other Justices in James, who were either dissenters or successors of dissenters in Apprendi, may  care little whether the Almendarez-Torres exception to Apprendi survives, since they are likely to be against Apprendi with or without the exception.  In sum, any Justice's concurrence in or dissent from James' central holding involving whether the Florida offense was a crime of violence signifies nothing about his or her opinion as to whether Almendarez-Torres should survive or perish.

The majority here also seems to contend that James' situation vis à vis the ACCA is completely parallel to that of a defendant vis à vis the illegal reentry statute at issue in Almendarez-Torres.  This is simply not so.  Under the provision of the ACCA at issue in James, the defendant's prior conviction is an element of the offense and must be included in the indictment, so that his guilty plea to the indictment makes an argument  based on Almendarez-Torres baseless, moot and irrelevant, as it did in Mr. James's case.  Under the illegal reentry statute, the defendant's prior conviction is not an element of the offense, not necessary to the indictment, and not necessarily included in the indictment.[8]

---

[8]    The majority's argument that the right to a jury trial on an alleged prior conviction invites prejudicial evidence into the main trial and therefore is a negligible or dispensable right is simply a repetition of an argument made for treating recidivism differently as relied upon in Almendarez-Torres. It, of course, has a rational basis; but so does Justice Thomas' counter-argument that

22

Consequently, unlike James, the illegal reentry defendant usually, if not always, can make a rational and relevant argument that but for Almendarez-Torres he has been unconstitutionally deprived of his right to put the government to its proof before a jury and thereby possibly avoid a substantial enhancement of his sentence.[9]

For these reasons, I concur in the majority's holding that Mr. Pineda's conviction and sentence are affirmed, but I respectfully disagree with its statements and dictum pertaining to the legitimacy of appeals of right filed in this court by federal criminal defendants urging the reconsideration and overruling of Almendarez-Torres.

---

"this concern, of which earlier courts were well aware, does not make the traditional understanding of what an element is any less applicable to the fact of a prior conviction." Apprendi, 530 U.S. at 521 (Thomas, J., concurring); see also id. at n. 10. In any event, the resolution of this argument, like that of the larger conflict between the Apprendi principle and Almendarez-Torres, of which it is a part, belongs to the Supreme Court not this court.

[9] The majority's reliance on Justice Stevens' statement of his individual reasons respecting the denial of petitions for certiorari in Rangel-Reyes v. United States, 126 S.Ct. 2873 (2006) is misplaced. Justice Stevens' statement for himself alone that "the doctrine of stare decisis provides a sufficient basis for the denial of certiorari in these cases" obviously does not constitute a resolution of the conflict between the Apprendi principle and Almendarez-Torres. Denials of certiorari by the Court do not make law; and, of course, neither does the reason for such denial given by an individual Justice.